IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

|  |  |  |
|---|---|---|
| ANNE SMITHERS, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 1:18cv676 (TSE/IDD) |
| | ) | |
| FRONTIER AIRLINES, INC., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**SUR-SURREPLY OF DEFENDANTS AIRCRAFT SERVICES INTERNATIONAL,
INC. AND FRONTIER AIRLINES, INC. IN FURTHER SUPPORT OF
THEIR MOTIONS TO DISMISS THE SECOND AMENDED COMPLAINT**

Pursuant to this Court's Order dated December 14, 2018 [Dkt. 47], Defendants Aircraft

Services International, Inc. ("ASI") and Frontier Airlines, Inc. ("Frontier") (collectively,

"Defendants"), respectfully submit this Sur-Surreply Brief in Further Support of Their Motions

to Dismiss the Second Amended Complaint filed in this action by Plaintiffs Anne Smithers,

James Mims, Ross Wiley, Thomas Wiley, Henry Wiley (by His Mother and Next Friend Anne

Smithers), and Hanna Del Signore (collectively, "Plaintiffs"), and state as follows:

**INTRODUCTION**

Plaintiffs' counsel insisted at the December 14 hearing that more briefing was necessary

before Defendants' Motions to Dismiss could be decided. However, Plaintiffs' Sur-Reply [Dkt.

48] does nothing more than rehash the same arguments they have previously asserted. Nothing

in Plaintiffs' Sur-Reply alters the reasons Plaintiffs' Second Amended Complaint should be

dismissed.

Plaintiffs continue to insist that the mere fact that ASI and Frontier conduct business in

Virginia means that this Court possesses specific jurisdiction over them. But such an argument

has been flatly rejected by the Supreme Court. "[E]ven regularly occurring sales of a product in

a State do not justify the exercise of jurisdiction over a claim unrelated to those sales."

*Goodyear Dunlop Tires Operations, S. A. v. Brown*, 564 U. S. 915, 931 n.6 (2011). Since all of

the alleged torts, and the alleged breach of the contract, took place in Colorado, this Court does

not possess personal jurisdiction over the Defendants.

Plaintiffs falsely imply that they bought a ticket from ASI. This is simply not alleged in

the Second Amended Complaint. With no relevant contacts for this case in Virginia, the claims

against ASI should be dismissed.

The Fourth Circuit law is clear that the "effects test" applies to intentional torts.

Plaintiffs try to run from the test because it is obvious that the focal point of the alleged torts is

not in Virginia – but rather in Colorado. Therefore, the intentional tort claims should be

dismissed for lack of specific jurisdiction.

Plaintiffs' breach of contract claim (Count V) for $76.40 cannot survive on its own if the

other claims are dismissed, because this Court would not possess subject matter jurisdiction over

the claim. To the extent this Court considers personal jurisdiction for this claim, Plaintiffs have

not pointed to one case that aligns with the alleged facts.

Finally, the negligent infliction of emotional distress claim should be dismissed. Henry

Wiley was not a bystander to any injury, so cannot put forth a claim for negligent infliction of

emotional distress under Colorado law.[1]

---

[1] Defendants' Sur-Surreply only addresses the arguments in Plaintiffs' Sur-Reply. If the Court considers Plaintiffs' negligence claims or intentional infliction of emotional distress claims on their merits, Defendants' arguments as to why those claims should be dismissed can be found in Defendants' Memoranda in Support of Motions to Dismiss [Dkt. 38; Dkt. 41] and Replies in support [Dkt. 44; Dkt. 45].

## ARGUMENT

**I.    ENGAGING IN BUSINESS ACTIVITIES IN VIRGINIA
DOES NOT CONFER SPECIFIC JURISDICITON.**

Plaintiffs argue that "flying dozens of flights and conducting all kinds of aviation actions in the Commonwealth" should allow this Court to possess specific jurisdiction over the Defendants.  [Dkt. 48 at 2.]  But that is not the law.  "[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction."  *Bristol-Myers Squibb Co. v. Superior Court*, 137 S.Ct. 1773, 1780 (2017).  That is, specific jurisdiction only exists in a forum when the suit arises out of a defendant's specific contacts with that forum as it relates to the matter at issue.  *Id.*

If Plaintiffs' logic were to follow, specific jurisdiction would be conferred in all states for actions against every company conducting business nationally.   That, however, is not the law. For example, the Supreme Court held that there was no specific jurisdiction in California over Bristol-Myers Squibb Company for claims about a drug (Plavix) it sold to Plaintiffs from other states, even though "[f]ive of the company's research and laboratory facilities, which employ a total of around 160 employees, are located there, [and] BMS also employs about 250 sales representatives in California and maintains a small state-government advocacy office in Sacramento."  137 S.Ct. at 1778; *see also PBM Capital Invs., LLC v. Gen. Elec. Co.,* 2016 U.S. Dist. LEXIS 96055, at *6-*7 (W.D. Va. July 22, 2016) (Moon, J.) (holding that there was no specific jurisdiction over General Electric Company, where all alleged acts occurred outside Virginia, even though "GE regularly does business in the Commonwealth, because it operates, among other things, a factory in Virginia."); *Mali v. British Airways*, 2018 U.S. Dist. LEXIS 112994 (S.D.N.Y. July 6, 2018) (holding that New York courts lacked specific jurisdiction over British Airways for Plaintiff's claims arising out of events in Mumbai, India, even though British

Airways "maintains at least one office in New York [], and the airline operates flights in to and out of New York airports.")  The same should be true here.  Even though Defendants have conducted business in Virginia, all of Plaintiffs' claims arise out of Defendants' alleged conduct in the Denver, Colorado airport.  Therefore, this Court does not possess specific jurisdiction over Defendants.

## II.     ASI DID NOT SELL AIRLINE TICKETS TO THE PLAINTIFFS.

Plaintiffs also argue that there should be specific jurisdiction over both Defendants because "both defendants it is averred have availed themselves of the benefit of Virginia's laws and protections and sold multiple tickets in the Commonwealth to the Plaintiffs in this action." [Dkt. 48 at 2.]  But Plaintiffs have never alleged (nor can they) that ASI sold them any tickets. [*See* Dkt. 36 at ¶¶ 4-6, 15 (alleging that Plaintiffs bought the airline tickets at issue from Frontier)].  As ASI has no relevant contact with Virginia in this case, there can be no specific jurisdiction over ASI.[2]

## III.    JURISDICTION OVER INTENTIONAL TORTS REQUIRE THAT THE DEFENDANTS EXPRESSLY AIMED THEIR TORTIOUS CONDUCT AT THE FORUM .

There is no dispute, as this Court has previously held, that "specific jurisdiction requires a claim-specific analysis."  *Gatekeeper Inc. v. Stratech Sys.*, 718 F. Supp. 2d 664, 667 (E.D. Va. 2010) (Ellis, J.).  "In other words, these courts have held that specific jurisdiction analysis

---

[2] As to Frontier, as explained in its Opening Brief and at oral argument, the mere fact that Plaintiffs bought the airline tickets from Frontier in Virginia is not sufficient to amount to specific personal jurisdiction on the Negligence claims over Frontier in this case, as all of the alleged events occurred in the Denver Airport, after Plaintiffs had already travelled from Virginia to Colorado, vacationed there, and then were set to return home.  Thus, this case is unlike *Selke v. Germanwings GmbH,* 261 F. Supp. 3d 666 (E.D. Va. 2017) (Lee, J.)("*Selke I*"), *Selke v. Germanwings GmbH*, 261 F. Supp. 3d 645 (E.D. Va. 2017) (Lee, J.)("*Selke II*"), or *Broadus v. Delta Air Lines, Inc.*, 101 F. Supp. 3d 554 (M.D. N.C. 2015), where the negligence occurred on the flight, or during the maiden journey.  Here, the purchase of the ticket was not "the genesis of [the] dispute." *CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 295 (4th Cir. 2009).  [*See* Dkt. 41 at 8-9].

consists of a determination of whether the defendant's contacts with the forum state give rise to each claim alleged in the complaint, and those claims that do not arise from the defendant's forum state contacts must be dismissed for lack of personal jurisdiction." *Id*. at 668. Thus, this Court is required to review whether each claim against the Defendants gives rise to personal jurisdiction.

For intentional tort claims, like the ones brought by Plaintiffs, "the plaintiff must establish that specific jurisdiction is proper by showing that '(1) the defendant committed an intentional tort; (2) the plaintiff felt the brunt of the harm in the forum, such that the forum can be said to be the focal point of the harm; and (3) the defendant expressly aimed his tortious conduct at the forum, such that the forum can be said to be the focal point of the tortious activity.'" *Consulting Eng'rs Corp. v. Geometric Ltd*., 561 F.3d 273, 280 (4th Cir. 2009) (dismissing intentional tort claims because "the focal point of the alleged tortious transaction was India: the individuals named in NDA I worked in India; the only face-to-face meeting between the parties took place in India; the performance of any potential contract between the parties was to occur in India; and the alleged tortious activity took place in India."); *see also Gatekeeper*, 718 F. Supp. 2d at 668 (dismissing tortious interference claim for lack of specific jurisdiction because "[n]one of the acts giving rise to that claim occurred in Virginia.").

Plaintiffs argue that this "effects test" is "not a carve-out that defines the entire universe of specific jurisdiction for intentional torts," [Dkt. 48 at 3] but cite no law for that premise. In fact, the law is the opposite. *See e.g.*, *CoStar Group, Inc. v. LoopNet, Inc*., 106 F. Supp. 2d 780, 785 (D. Md. 2000) ("The main point of the *Calder* case is its distinction between intentional and negligent wrongdoing for purposes of assessing minimum contacts," and dismissing copyright infringement claim for lack of personal jurisdiction because Plaintiff "failed to make the required prima facie showing that De Andre intentionally directed tortious conduct toward CoStar and

5

Maryland"); *Summit Auto Sales, Inc. v. Draco, Inc.,* 2016 U.S. Dist. LEXIS 21643, at \*24 (N.D.

Ala. Feb. 23, 2016) ("Merely negligent conduct will not satisfy the *Calder* 'effects test;' only

conduct that is intentional will create the requisite minimum contacts.").

Nor does *J. McIntyre Mach. Ltd. v. Nicastro*, 564 U.S. 873 (2011) help Plaintiffs.  There,

the Supreme Court did not mention the "effects test," but instead noted that "with an intentional

tort, the defendant might well fall within the State's authority by reason of his attempt to obstruct

its laws."  564 U.S. at 880.  That is, a state may have jurisdiction over an intentional tort if the

defendant expressly aimed his tortious conduct at the forum, by attempting to break the state's

laws.  Here, Plaintiffs have admitted that the state laws at issue are Colorado, and not Virginia.

Moreover, in *Nicastro*, the Court held that New Jersey did not have personal jurisdiction over the

claims.  "At no time did petitioner engage in any activities in New Jersey that reveal an intent to

invoke or benefit from the protection of its laws.  New Jersey is without power to adjudge the

rights and liabilities of J. McIntyre."  *Id*. at 887.[3]

Indeed, if the "effects test" was an "expansion of the jurisdictional analysis" as Plaintiffs

claim [Dkt. 48 at 3], then one would think that Plaintiffs would argue that they could easily

satisfy the rule.  Instead, Plaintiffs argue that the "effects test" should not apply.  But the "effects

test" does apply, and Virginia is not the "focal point of the tortious activity," much less any point

of the alleged tortious activity.

Finally, if the Court applies the "effects test" and dismisses the intentional torts, but

determines that the Negligence claim against Frontier should remain under the *Selke* line of

---

[3] It is unclear why Plaintiffs cite to *Liberty Mutual v. Menozzi*, 92 F. Supp. 3d 435 (E.D. Va. 2015) (Hudson, J.)  That case did not involve any intentional torts, and there was no discussion of the "effects test."

cases, because the source of duty derives from the contract, the Negligence claim should be dismissed under the Economic Loss Doctrine. *See* Dkt. 41 at 13-14 and Dkt. 45 at 6-7.

## IV.     THERE IS NO JURISDICTION OVER THE CONTRACT CLAIM.

If the Court finds that Virginia does not possess personal jurisdiction over the tort claims, then it does not even need to consider personal jurisdiction over the contract claim against Frontier, because the breach of contract claim (Count V) is only seeking $76.40 in damages. [Dkt. 36 at ¶¶ 107, 119]. Therefore, there is no subject matter jurisdiction over the claim. *See Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005) ( "[t]o ensure that diversity jurisdiction does not flood the federal courts with minor disputes, § 1332(a) requires that the matter in controversy in a diversity case exceed a specified amount, currently $75,000.") Plaintiffs do not (and cannot) contest this issue.

As to personal jurisdiction, Plaintiffs have not cited one case that has held that merely a purchase of tickets in Virginia with an out of state Defendant confers personal jurisdiction in Virginia over the Defendant for an alleged breach that occurred outside of Virginia.[4] Plaintiffs also ignore *Mali*, which focused on where the breach occurred: "[t]he breach that Plaintiff alleges occurred in Mumbai when he was not allowed to board the plane to London. There is thus no 'substantial relationship' between Defendant's business transactions in New York and the conduct that gives rise to Plaintiff's breach of contract claim. The Court does not have personal jurisdiction over Defendant with respect to the breach of contract claim." 2018 U.S. Dist. LEXIS 112994, at *18-*19. In *Viers v. Mounts*, 466 F. Supp. 187 (W.D. Va. 1979) (Williams, J.), the contract was not signed or performed in Virginia, but there were considerable negotiations in Virginia, and visits by Defendants to locations in Virginia. Even with those

---

[4] The cases cited by Plaintiffs, *Burnap v. Tribeca Travel*, 140 Misc. 2d 472 (N.Y. Civ. Ct. 1988) and *Williams v. NW Airlines, Inc.* 163 F. Supp. 2d 628 (W.D. N.C. 2001) include no discussion of personal jurisdiction; they simply state that the purchase of airline tickets forms a contract.

Virginia contacts, the court held that "upon the quality of the defendants' contact with the forum state, the preceding facts, viewed together with the defendants' 'fleeting contact' with Virginia, persuade the court that 'traditional notions of fair play and substantial justice' require dismissal of this action for lack of *in personam* jurisdiction." *Id*. at 191-92.

**V.    HENRY WILEY'S CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM (COUNT VI) SHOULD BE DISMISSED.**

In their Replies, Defendants have explained that negligent infliction of emotional distress is a tort suffered by the bystander, and Plaintiffs have cited nothing to the contrary. *See* Dkt. 44 at 8; Dkt. 45 at 10. In their Sur-Reply, Plaintiffs still fail to explain how the tort of negligent infliction of emotional distress can be applied to anyone but bystanders under Colorado law.

Plaintiffs cite to *Consol. Rail Corp. v. Gottshall*, 512 U.S. 532, 556 (1994), which held that members of a railroad crew could bring claims for negligent infliction of emotional distress under the Federal Employer's Liability Act ("FELA"). The Court allowed the tort claim because of specific language in FELA permitting such a claim, which "will further Congress' goal in enacting the statute of alleviating the physical dangers of railroading." *Id*. at 556.

The other case cited by Plaintiffs, *Draper v. DeFrenchi-Gordineer,* 282 P.3d 489, 497 (Colo. App. 2011), supports Defendants' argument that a claim for negligent infliction of emotional distress is limited to bystanders. While the portion of the case cited by Plaintiffs does not mention bystanders, the opinion continues to observe that, in Colorado, negligent infliction of emotional distress is "an independent tort injury suffered by the bystander himself or herself as a result of the shock of having witnessed an extraordinary and traumatic event." *Id*. It further notes that "negligent infliction of emotional distress claims 'are only derivative in the sense that they do not arise unless one's spouse has sustained a personal injury.'" *Id*. *Draper* specifically holds that "a claim for negligent infliction of emotional distress does not arise from the injuries

sustained by the victim, but rather it arises from the witnessing of the accident." *Id*.  Thus, to be actionable, a plaintiff must have "observed injury to a family member."  *Colwell v. Mentzer Investments, Inc.*, 973 P.2d 631, 638 (Colo. App. 1998).   There was no injury cited by Plaintiffs that Mr. Wiley witnessed, and the claim made by Mr. Wiley is not linked to such witnessing.

Finally, the fact that Defendants are challenging the sudden appearance of these allegations is not because Plaintiffs have no right to amend – it is because Plaintiffs are now in their *third* Complaint in this case, for the first time pleading this claim for negligent infliction of emotional distress.  *See Stanislaus Food Prod. Co. v. USS-POSCO Indus.*, 782 F. Supp. 2d 1059, 1075–76 (E.D. Cal. 2011) (holding that a court may take into account a plaintiff's prior allegations in "determining the plausibility of the current pleadings."); *see also Lee X v. Casey*, 771 F. Supp. 725, 726–33 (E.D. Va. July 8, 1991) (Merhige, J.) (viewing with skepticism plaintiff's motion to amend and denying leave where plaintiff "knew or should have known the facts which form the basis for his new claim [y]et… failed to present any valid reason why he did not raise them prior…").   Defendants contend these cases apply here – there is simply no rational explanation for the absence of these allegations in the prior versions of the Complaint.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in Defendants' Memoranda in Support of their Motions to Dismiss [Dkt. 38; Dkt. 41] and Replies in support [Dkt. 44; Dkt. 45], Defendants Aircraft Services International, Inc. and Frontier Airlines, Inc. respectfully request this Court dismiss the Second Amended Complaint.

December 21, 2018                         Respectfully submitted,

                                          */S/ ELAINE CHARLSON BREDEHOFT*
                                          Elaine Charlson Bredehoft, VSB No. 23766
                                          Adam S. Nadelhaft, VSB 91717
                                          David E. Murphy, VSB 90938
                                          Charlson Bredehoft Cohen & Brown, P.C.
                                          11260 Roger Bacon Drive, Suite 201
                                          Reston, VA 20190
                                          (703) 318-6800  Telephone
                                          (703) 318-6808  Facsimile
                                          ebredehoft@cbcblaw.com
                                          anadelhaft@cbcblaw.com
                                          dmurphy@cbcblaw.com

                                          Stephen J. Fearon (Admitted *Pro Hac Vice*)
                                          Bartholomew J. Banino (Admitted *Pro Hac Vice*)
                                          Allison M. Surcouf (Admitted *Pro Hac Vice*)
                                          Condon & Forsyth LLP
                                          7 Times Square
                                          New York, NY 10036
                                          (212) 490-9100  Telephone
                                          (212) 370-4453  Facsimile
                                          SFearon@condonlaw.com
                                          bbanino@condonlaw.com
                                          asurcouf@condonlaw.com

                                          *Counsel for Defendant*s
                                            *Aircraft Services International, Inc.*
                                            *and Frontier Airlines, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21ts day of December, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

William T. Woodrow, III, Esq.
Thatcher A. Stone, Esq.
Stone & Woodrow LLP
250 West Main Street, Suite 201
Lewis & Clark Plaza
Charlottesville, VA 22902
(855) 275-7378 Telephone
(646) 873-7521 Facsimile
will@stoneandwoodrowlaw.com
thatcher@stoneandwoodrowlaw.com
*Counsel for Plaintiffs*

*/S/ ELAINE CHARLSON BREDEHOFT*
Elaine Charlson Bredehoft, VSB No. 23766
Charlson Bredehoft Cohen & Brown, P.C.
11260 Roger Bacon Drive, Suite 201
Reston, VA 20190
(703) 318-6800  Telephone
(703) 318-6808  Facsimile
ebredehoft@cbcblaw.com
*Counsel for Defendant*s
 *Aircraft Services International, Inc.*
 *and Frontier Airlines, Inc.*