IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ANNE SMITHERS, *et al.*, ) | |
|     Plaintiffs, ) | |
| v. ) | |
| ) | Case No. 1:18-cv-676 |
| FRONTIER AIRLINES, INC., *et al.*, ) | |
|     Defendants. ) | |
| ) | |

## ORDER

This matter is before the court on defendants' motions to dismiss plaintiffs' second amended complaint for lack of personal jurisdiction and for failure to state a claim. The motions have been fully briefed and are ripe for disposition.

### I.

Defendants argue that this court lacks personal jurisdiction over defendants Frontier Airlines, Inc. ("Frontier") and Aircraft Services International, Inc. ("ASI"). When, as here, "the question whether personal jurisdiction exists is determined on the basis of motion papers, supporting legal memoranda and the relevant allegations of a complaint, it is the plaintiff's burden to make a *prima facie* showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005). Under such circumstances, courts "must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

Because federal courts exercise personal jurisdiction in the manner provided by state law, the personal jurisdiction inquiry begins with whether Virginia state law authorizes jurisdiction over

1

the defendant. *New Wellington Fin. Corp.*, 416 F.3d at 294. Virginia's long-arm statute provides in relevant part that:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:
>
> 1. Transacting any business in this Commonwealth;
>
> ....
>
> 3. Causing tortious injury by an act or omission in this Commonwealth;
>
> 4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this Commonwealth. . . .

Va. Code. Ann. § 8.01–328.1(A).[1]

If jurisdiction is proper under Virginia state law, analysis proceeds to whether exercise of personal jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment. *New Wellington Fin. Corp.*, 416 F.3d at 294. It is well-settled that due process requires that the defendant have sufficient "minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice" in order for the district court to exercise jurisdiction over the defendant. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotes omitted). Such minimum contacts may be established on the basis of either "specific jurisdiction based on conduct connected to the suit" or "general jurisdiction."[2] *Young v.*

---

[1] It is true that Virginia's long-arm statute expands its specific grants of personal jurisdiction as far as the Due Process Clause allows. *New Wellington Fin. Corp.*, 416 F.3d at 294 (citing *Peninsula Cruise, Inc. v. New River Yacht Sales, Inc.*, 257 Va. 315, 319 (1999)). Yet, importantly, the specific grants of jurisdiction in Virginia's long-arm statute are not meaningless because "plaintiffs who assert jurisdiction under only one provision of the long-arm statute cannot obtain jurisdiction under an unclaimed provision." *New Wellington Fin. Corp.*, 416 F.3d at 294 n.6.

[2] When a defendant is a corporate entity, as is true of defendants in this case, general jurisdiction exists in the state in which the corporate defendant (1) is incorporated, (2) has its principal place of business, or (3) has contacts so "continuous and systematic" such that it is "essentially at home in the forum state." *Daimler AG v. Bauman*, 571 U.S. 117, 137–39 (2014)).

2

*New Haven Advocate*, 315 F.3d 256, 261 (4th Cir. 2002). Plaintiffs here allege that personal jurisdiction is established on the basis of specific jurisdiction, not general jurisdiction.

Specific jurisdiction may only be invoked when the plaintiff's claims "arise out of or relate to the defendant's contacts with the forum." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017) (internal alterations omitted). In the Fourth Circuit, a plaintiff may establish that her claims arise out of defendant's contacts with the forum by showing that the defendant's activity in the forum was "the genesis of the dispute." *Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 303 (4th Cir. 2012) (internal alterations omitted).[3]

Courts in this circuit that have applied these principles in the airline context have concluded that the defendant airline's sale of a ticket to the plaintiff in the forum state and the defendant airline's carriage of the plaintiff from the forum state constitute "the genesis" of claims concerning torts committed by the defendant airline during and in relation to the defendant airline's provision of travel services to the plaintiff.[4] For example, in *Selke v. Germanwings GmbH*, 261 F. Supp. 3d 666, 674 (E.D. Va. 2017), the district court concluded that United Airlines' sale of tickets to the plaintiffs in Virginia for a round-trip flight departing from Virginia was "the genesis" of the

---

[3] To be precise, the Fourth Circuit has held that whether specific jurisdiction exists is measured by three factors, including: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *New Wellington Fin. Corp.*, 416 F.3d at 294–95. Defendants do not contend in their motions that factors (1) or (3) are not satisfied here, and accordingly those factors are not analyzed here.

[4] This analysis applies equally to plaintiff Smithers's breach of contract claim because the Fourth Circuit has made clear that business transactions between the parties that occurred in Virginia may support personal jurisdiction in Virginia over a claim concerning a breach that occurs elsewhere if the Virginia business transaction constitutes "the genesis of the dispute." *CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 295 (4th Cir. 2009). Here, it is clear that, for the same reasons explained with respect to plaintiffs' tort claims, defendant Frontier's transacting business in Virginia, *i.e.* selling airline tickets to plaintiffs in Virginia and providing plaintiffs with airfare carriage departing from Virginia, constitutes the genesis of plaintiff Smithers's claim for breach of contract against defendant Frontier.

plaintiffs' claim for damages resulting from the crash of the airplane into the French Alps during the third leg of the flight. Accordingly, the *Selke* court held that specific jurisdiction existed over the defendant airline in Virginia. *Id.* Similarly, the district court in *Broadus v. Delta Air Lines, Inc.*, 101 F. Supp. 3d 554, 561 (M.D.N.C. 2015), concluded that Delta Air Lines' carriage of the plaintiff from the initial point of departure, an airport in North Carolina, was "the genesis" of the plaintiff's claim that Delta negligently assisted the plaintiff, who was handicapped, in boarding the plane during the second leg of the flight in Georgia, resulting in injury to the plaintiff. Thus, the *Broadus* court held that specific jurisdiction existed as to the defendant airline in North Carolina. *Id.*

### A.

These principles, applied here, demonstrate that specific jurisdiction exists over plaintiffs' claims against defendant Frontier.

First, jurisdiction is authorized under § 8.01–328.1(A)(1) of Virginia's long-arm statute, which authorizes jurisdiction over causes of action arising from the defendant's "[t]ransacting any business in this Commonwealth." The allegations of the complaint, taken as true for purposes of the motion to dismiss, reflect that defendant Frontier sold airfare tickets to plaintiffs in Virginia and that defendant provided airline carriage to plaintiffs from Virginia, the initial point of departure of plaintiffs' round trip.

Second, exercise of jurisdiction over defendant Frontier is consistent with the limits of due process because this forum activity by defendant Frontier constitutes "the genesis" of plaintiffs' claims against defendant Frontier. *See Tire Eng'g & Distribution, LLC*, 682 F.3d at 303. As in *Selke* and *Broadus*, the alleged torts and breach of contract committed by defendant Frontier's agent, defendant ASI, occurred during and in relation to the defendant airline's provision of travel

4

services to plaintiff. Specifically, plaintiffs allege that defendant ASI inappropriately removed plaintiff Smithers from her return flight just before the plane embarked on the return flight to Virginia.[5] Although defendants' alleged wrongful conduct took place in Denver Colorado, the conduct bears a sufficient causal relationship to defendant Frontier's forum contacts; improperly forcing plaintiff Smithers to disembark from her return flight is no less related to defendant Frontier's provision of travel services to plaintiffs than was the defendant airline's improper piloting of the plane in *Selke* or the defendant airline's provision of improper boarding assistance in *Broadus*. Thus, defendant Frontier's forum contacts, namely, defendant Frontier's sale of tickets to plaintiffs in Virginia and defendant Frontier's carriage of the plaintiffs from Virginia, constitute "the genesis" of plaintiffs' tort and breach of contract claims against defendant Frontier, and specific personal jurisdiction exists as to those claims.

### B.

In contrast, application of the above principles to defendant ASI reflect that there is no basis for exercising specific jurisdiction over the claims against defendant ASI. The only forum contact by defendant ASI alleged in the complaint is that defendant ASI provided "ground services" for plaintiffs' initial flight out of Virginia. It is clear that this forum contact is in no way related to plaintiffs' claims against defendant ASI. Rather, all of the alleged conduct by defendant ASI that can be said to be "the genesis" of plaintiffs' claims against defendant ASI occurred in Colorado. Accordingly, specific personal jurisdiction is lacking as to plaintiffs' claims against defendant ASI occurred in Colorado.

---

[5] Defendants appear to argue that plaintiffs' intentional tort claims must satisfy the *Calder*-effects test rather than the standard, purposeful availment test for specific personal jurisdiction. But nothing in *Calder v. Jones*, 465 U.S. 783 (1984), purports to suggest that an intentional tort claim must satisfy the effects test even if the claim would meet the requirements for specific jurisdiction under the general purposeful availment test for specific jurisdiction. Thus, because defendants have cited no basis for concluding that plaintiffs' intentional tort claims must satisfy the *Calder*-effects test, analysis properly proceeds under the purposeful availment test for specific jurisdiction.

5

## II.

Defendant Frontier also argues that dismissal is warranted for failure to state a claim with respect to certain Counts alleged in plaintiffs' complaint. It is well-settled that a motion to dismiss must be granted if, taking all the complaint's allegations of fact as true and construing them in the light most favorable to plaintiff, the complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### A.

Count 1 alleges that defendant Frontier is liable for negligence under Colorado law.[6] Defendant first argues that the complaint fails to allege facts that entitle any of the named plaintiffs other than plaintiff Smithers ("the family plaintiffs") to relief on Count 1 because the complaint alleges only that the family plaintiffs observed defendant ASI inappropriately remove plaintiff Smithers from the plane and that as a result the family plaintiffs suffered what amounted to emotional distress. This argument prevails because under Colorado law, a plaintiff who suffers only emotional distress may not recover unless (i) the defendant's actions created an unreasonable risk of bodily harm to the plaintiff (*i.e.* the plaintiff was within the zone of danger) and (ii) the emotional distress results in physical manifestations or mental illness. *Culpepper v. Pearl St. Bldg., Inc.*, 877 P.2d 877, 880 n.3 (Colo. 1994); *Colwell v. Mentzer Investments, Inc.*, 973 P.2d 631, 638 (Colo. App. 1998). Here, the complaint alleges that the family plaintiffs suffered only emotional distress as a result of defendant ASI's alleged wrongful removal of plaintiff Smithers. Accordingly, without any allegations that the family plaintiffs were in the zone of danger and that the alleged

---

[6] Both parties agree that Colorado law governs plaintiffs' tort claims because defendant Frontier's alleged tortious conduct took place in Colorado. *See Jones v. R. S. Jones & Assoc.*, 246 Va. 3, 5 (1993).

emotional distress produced physical manifestations or mental illness, Count 1 fails to state a claim on which relief may be granted to the family plaintiffs.[7]

Defendant also argues that the complaint fails to state a claim on which relief may be granted to plaintiff Smithers with respect to Count 1 because, according to defendant, the claim is barred by Colorado's economic loss rule. The economic loss rule provides that "a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law." *Town of Alma v. AZCO Constr., Inc.*, 10 P.3d 1256, 1259 (Colo.2000). In other words, the economic loss rule bars recovery in tort if the only duty of care alleged to have been breached is a contractual duty. *A.C. Excavating v. Yacht Club II Homeowners Ass'n, Inc.*, 114 P.3d 862, 867 (Colo. 2005).

Here, the complaint alleges that by purchasing a plane ticket from defendant Frontier, plaintiff Smithers entered into a contract obligating defendant Frontier to transport her from Denver, Colorado to Washington, D.C. Yet, it is clear that this contractual duty is not the duty that plaintiff Smithers alleges defendant Frontier breached when defendant ASI removed her from the plane. Rather, the allegations in the complaint demonstrate that plaintiff Smithers alleges that defendant Frontier violated its tort law-based duty to exercise reasonable care when defendant ASI removed plaintiff Smithers in an unreasonable manner by physically striking her, threatening her, and other attendant inappropriate conduct. Thus, because plaintiff Smithers alleges that defendant Frontier violated the duty of reasonable care imposed by tort law, independent of and in addition to defendant Frontier's alleged violation of the contractual duty, plaintiff Smithers's claim under Count 1 is not barred by the economic loss rule.

---

[7] With respect to plaintiff Henry Wiley ("plaintiff Wiley"), this analysis applies only as to Count 1. As discussed below, the facts alleged in the complaint demonstrate that plaintiff Wiley is entitled to relief on Count 6, which alleges a claim of negligent infliction of emotional distress on the basis of defendant ASI's refusal to allow plaintiff Smithers to return plaintiff Wiley's asthma medication to him.

B.

Count 4 alleges that defendant Frontier is liable to plaintiff Smithers for intentional infliction of emotional distress under Colorado law. Under Colorado law, the elements of the tort of intentional infliction of emotional distress are (1) "[t]he defendant engaged in extreme and outrageous conduct;" (2) "[t]he defendant engaged in the conduct recklessly or with the intent of causing the plaintiff severe emotional distress[;]" and (3) "[t]he plaintiff incurred severe emotional distress which was caused by the defendant's conduct." *Culpepper v. Pearl St. Bldg., Inc.*, 877 P.2d 877, 882 (Colo. 1994).

Importantly, with respect to element (1), "outrageous conduct" is defined as conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* Colorado courts have generally concluded that conduct by a private individual is outrageous only if (i) the conduct is part of a "pattern of conduct" intended to cause severe emotional distress or (ii) an isolated activity in which the "individual has *blatantly and severely* harassed another." *See Rawson v. Sears Roebuck & Co.*, 530 F. Supp. 776, 780 (D. Colo. 1982) (collecting and summarizing cases) (emphasis added).

Here, the complaint alleges that, in response to plaintiff Smithers's tweet that the flight's delay was caused by the fact that the copilot needed to sober up, defendant ASI (i) removed plaintiff Smithers from the flight, (ii) announced in earshot of other passengers that plaintiff Smithers had committed a felony, and (iii) prevented plaintiff Smithers from returning onto the plane to give plaintiff Wiley his asthma medicine. These alleged actions, while perhaps inappropriate, do not rise to the high level of outrageousness required for a claim of intentional infliction of emotional distress. Defendant ASI reacted to plaintiff Smithers's insulting and

8

disparaging tweet, which created the impression that defendant Frontier's flights were not safe, and executed its duty as defendant Frontier's agent to remove her from the plane. While the manner in which defendant ASI responded to plaintiff Smithers's tweet is by no means to be condoned, far more extreme and long-lasting misconduct has been held to be insufficiently outrageous by Colorado courts.

### C.

Count 6 alleges that defendant Frontier is liable to plaintiff Wiley for negligent infliction of emotional distress. To establish a claim of negligent infliction of emotional distress, a plaintiff must show (1) "that the defendant's negligence created an unreasonable risk of physical harm and caused the plaintiff to be put in fear for his or her own safety," (2) "that this fear had physical consequences or resulted in long-continued emotional disturbance," and (3) "that the plaintiff's fear was the cause of the damages sought." *Draper v. DeFrenchi-Gordineer*, 282 P.3d 489, 496–97 (Colo. App. 2011).

The facts alleged in the complaint are sufficient to state a claim of negligent infliction of emotional distress on which relief may be granted to plaintiff Wiley. According to the complaint, defendant ASI negligently prevented plaintiff Smithers from re-boarding the plane to give plaintiff Wiley his asthma nebulizer. The complaint further alleges that defendant ASI's conduct created a risk that plaintiff Wiley would asphyxiate or suffer some other asthma-related emergency and that, as a result, plaintiff Wiley experienced an acute fear for his safety. Finally, the complaint alleges that plaintiff Wiley's fear manifested physically in the form of an asthma attack, which resulted in wheezing and tightness of breath and required immediate medical attention when the plane landed. Therefore, Count 6 states a claim of negligent infliction of emotional distress.

### III.

Accordingly, for the reasons stated above, and for good cause,

It is hereby **ORDERED** that defendant Aircraft Services International, Inc.'s motion to dismiss the second amended complaint (Doc. 37) is **GRANTED** and all counts of the second amended complaint are dismissed as against defendant Aircraft Services International, Inc.

It is further **ORDERED** that defendant Frontier Airlines, Inc.'s motion to dismiss the second amended complaint (Doc. 40) is **GRANTED IN PART AND DENIED IN PART**. Specifically, Count 4 is dismissed in full, Count 1 is dismissed as to plaintiffs James Mims, Ross Wiley, Thomas Wiley, Henry Wiley, and Hanna Del Signore, but Count 1 is not dismissed as to plaintiff Anne Smithers. The motion is denied in all other respects.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
December 21, 2018

_____
T. S. Ellis, III
United States District Judge