IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| ANNE SMITHERS, *et al.* | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) C.A. No. 1:18cv676 (TSE/IDD) |
| | ) |
| FRONTIER AIRLINES, INC. | ) |
| | ) |
| Defendant. | ) |

**ANSWER AND GROUNDS OF DEFENSE OF DEFENDANT**
**FRONTIER AIRLINES, INC. TO SECOND AMENDED COMPLAINT**

Defendant FRONTIER AIRLINES, INC. ("Frontier"), by its undersigned counsel, for its Answer to the Second Amended Complaint of the Plaintiffs states on information and belief the following:

**INTRODUCTION**

Frontier admits that this is Plaintiffs' Second Amended Complaint, and that Plaintiff Anne Smithers sent at least one tweet about the Frontier flight crew while waiting to board her flight. Frontier denies the remainder of the Introduction.

**JURISDICTION & VENUE**

1. The allegations in Paragraph 1 consist of a legal conclusion, which requires neither an admission nor denial by Frontier. The allegations are therefore denied.

2. The allegations in Paragraph 2 consist of a legal conclusion, which requires neither an admission nor denial by Frontier. The allegations are therefore denied.

3. The allegations in Paragraph 3 consist of a legal conclusion, which requires neither an admission nor denial by Frontier. The allegations are therefore denied.

## PARTIES AND JURISDICTION

4. Frontier admits that Plaintiff Anne Smithers purchased an airline ticket from Frontier. Frontier lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4, and therefore denies the same.

5. Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, and therefore denies the same.

6. Frontier admits that its principal place of business is in Colorado, that it operates commercial air service into Dulles Airport, Reagan National Airport and Norfolk Int'l airport multiple times a week, that it sells airline tickets in the Eastern District of Virginia, and that it is registered as a foreign corporation with the Virginia State Corporation Commission. Frontier denies that it is a Colorado corporation. The remaining allegations in Paragraph 6 consist of legal conclusions, which require neither an admission nor denial by Frontier. The allegations are therefore denied.

7. Pursuant to the Court's Order of December 21, 2018, ASI is no longer a Defendant in this action, and therefore Frontier is not required to respond to the allegations in this Paragraph, and therefore denies the same. Frontier also lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and therefore denies the same.

8. Frontier denies the allegations in Paragraph 8.

9. The allegations in Paragraph 9 consist of a legal conclusion, which requires neither an admission nor denial by Frontier. The allegations are therefore denied.

10. Frontier denies the allegations in Paragraph 10.

11. Frontier admits that it is in the business of air travel. Frontier denies the remaining allegations in Paragraph 11.

12. The allegations in Paragraph 12 consist of a legal conclusion, which requires neither an admission nor denial by Frontier. The allegations are therefore denied.

## GENERAL ALLEGATION OF AGENCY

13. The allegations in Paragraph 13 consist of a legal conclusion, which requires neither an admission nor denial by Frontier. The allegations are therefore denied.

## GENERAL ALLEGATION OF COMPLIANCE

14. The allegations in Paragraph 14 consist of a legal conclusion, which requires neither an admission nor denial by Frontier. The allegations are therefore denied.

## FACTUAL ALLEGATIONS

15. Frontier admits that Plaintiffs booked travel with Frontier Airlines to fly from Denver International Airport to Washington Reagan Airport on the morning of December 25, 2017. Frontier lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15, and therefore denies the same.

16. Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and therefore denies the same.

17. Frontier admits the allegations contained in Paragraph 17.

18. Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, and therefore denies the same.

19. Frontier admits that the co-pilot was at the gate at approximately 6:15 a.m. Frontier denies the remaining allegations contained in Paragraph 19.

20. Frontier admits the allegations contained in Paragraph 20.

21. Frontier denies the allegations contained in Paragraph 21.

22. Frontier admits that the co-pilot took pictures. Frontier denies the remaining allegations contained in Paragraph 22.

23. Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, and therefore denies the same.

24. Frontier admits the allegations contained in Paragraph 24.

25. Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, and therefore denies the same.

26. Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, and therefore denies the same.

27. Frontier admits that its counsel provided Plaintiffs' counsel with documents evidencing the life preservers required for the aircraft were removed from inventory in Denver at about 9 p.m. local time in Denver the prior evening. Frontier denies the remaining allegations contained in Paragraph 27.

28. Frontier admits the allegations contained in Paragraph 28.

29. Frontier admits the allegations contained in Paragraph 29.

30. Frontier admits that the women who entered the plane were ASI's employees. The remaining allegations in paragraph 30 consist of legal conclusions, which require neither an admission nor denial by Frontier. The allegations are therefore denied.

31. Frontier admits that the ASI employees who entered the plane asked for Anne Smithers. Frontier denies the remaining allegations contained in Paragraph 31.

32. Frontier denies the allegations contained in Paragraph 32.

33. Frontier admits the allegations contained in Paragraph 33.

34. Frontier denies the allegations contained in Paragraph 34.

35. Frontier denies the allegations contained in Paragraph 35.

36. Frontier denies the allegations contained in Paragraph 36.

37. Frontier denies the allegations contained in Paragraph 37.

38. Frontier denies the allegations contained in Paragraph 38.

39. Frontier denies the allegations contained in Paragraph 39.

40. Frontier denies the allegations contained in Paragraph 40.

41. Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41, and therefore denies the same.

42. Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42, and therefore denies the same.

43. Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43, and therefore denies the same.

44. Frontier denies the allegations contained in Paragraph 44.

45. Frontier denies the allegations contained in Paragraph 45.

46. Frontier admits that Mims exited the plane. Frontier lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 46, and therefore denies the same.

47. Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47, and therefore denies the same.

48. Frontier denies the allegations contained in Paragraph 48.

49. Frontier denies the allegations contained in Paragraph 49.

50. Frontier denies the allegations contained in Paragraph 50.

51. Frontier denies the allegations contained in Paragraph 51.

52. Frontier denies the allegations contained in Paragraph 52.

53. Frontier admits that police escorted Plaintiff Smithers from the gate. Frontier denies the remaining allegations contained in Paragraph 53.

54. Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54, and therefore denies the same.

55. Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55, and therefore denies the same.

56. Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56, and therefore denies the same.

57. Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57, and therefore denies the same.

58. Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58, and therefore denies the same.

59. Frontier admits the allegations contained in Paragraph 59.

### (FIRST) CAUSE OF ACTION
### (NEGLIGENCE) – By Plaintiff Anne Smithers Only[1]

60. Frontier incorporates and restates the answers contained in Paragraphs 1 through 59 of this Answer.

61. The allegations in Paragraph 61 consist of a legal conclusion, which requires neither an admission nor denial by Frontier. The allegations are therefore denied.

62. Pursuant to the Court's Order of December 21, 2018, ASI is no longer a Defendant in this action, and therefore Frontier is not required to respond to the allegations in

---

[1] The other Plaintiffs were dismissed by Court Order dated December 21, 2018.

this paragraph, and therefore denies the same. Further, the allegations in Paragraph 62 consist of a legal conclusion, which requires neither an admission nor denial by Frontier. The allegations are therefore denied.

63. The allegations in Paragraph 63 consist of a legal conclusion, which requires neither an admission nor denial by Frontier. The allegations are therefore denied.

64. Frontier denies the allegations contained in Paragraph 64.

65. Frontier denies the allegations contained in Paragraph 65.

66. Frontier denies the allegations contained in Paragraph 66.

67. Frontier denies the allegations contained in Paragraph 67.

68. Frontier denies the allegations contained in Paragraph 68.

69. Frontier denies the allegations contained in Paragraph 69.

## SECOND CAUSE OF ACTION
### (DEFAMATION) – by Anne Smithers Only[2]

70. Frontier incorporates and restates the answers contained in Paragraphs 1 through 69 of this Answer.

71. Frontier denies the allegations contained in Paragraph 71.

72. Frontier denies the allegations contained in Paragraph 72.

73. Frontier denies the allegations contained in Paragraph 73.

74. Frontier denies the allegations contained in Paragraph 74.

75. Frontier denies the allegations contained in Paragraph 75.

76. Frontier denies the allegations contained in Paragraph 76.

77. Frontier denies the allegations contained in Paragraph 77.

78. Frontier denies the allegations contained in Paragraph 78.

---

[2] As pleaded in the Second Amended Complaint, filed November 7, 2018.

## THIRD CAUSE OF ACTION
### (BATTERY) – by Ann Smithers Only[3]

79. Frontier incorporates and restates the answers contained in Paragraphs 1 through 78 of this Answer.

80. Frontier denies the allegations contained in Paragraph 80.

81. Frontier denies the allegations contained in Paragraph 81.

82. Frontier denies the allegations contained in Paragraph 82.

83. Frontier denies the allegations contained in Paragraph 83.

84. Frontier denies the allegations contained in Paragraph 84.

85. Frontier denies the allegations contained in Paragraph 85.

86. Frontier denies the allegations contained in Paragraph 86.

87. Frontier denies the allegations contained in Paragraph 87.

88. Frontier denies the allegations contained in Paragraph 88.

## FOURTH CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)
### (DISMISSED BY COURT ORDER DATED DECEMBER 21, 2018)

## FIFTH CAUSE OF ACTION
### (BREACH OF CONTRACT) – by Ann Smithers Only[4]

89. Frontier incorporates and restates the answers contained in Paragraphs 1 through 99 of this Answer.

90. Frontier admits the allegations contained in Paragraph 101.

91. Frontier admits that the total amount for the full round trip flight was $188.40. Ms. Smithers travelled from Washington Reagan, but the price for the trip from Denver to

---

[3] As pleaded in the Second Amended Complaint, filed November 7, 2018.
[4] As pleaded in the Second Amended Complaint, filed November 7, 2018.

Washington Reagan was $120.00, an amount Ms. Smithers was refunded, which Ms. Smithers accepted.

92. Frontier denies the allegations contained in Paragraph 103.

93. Frontier admits that under the terms of the contract, Frontier may refuse carriage to passengers. Frontier denies the remaining allegations contained in Paragraph 104.

94. Frontier admits that Smithers had not been banned to fly Frontier when she purchased her ticket, but denies the remaining allegations contained in Paragraph 105.

95. Frontier denies the allegations contained in Paragraph 106.

96. Frontier denies the allegations contained in Paragraph 107.

## SIXTH CAUSE OF ACTION
## (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS) –by Henry Wiley Only[5]

97. Frontier incorporates and restates the answers contained in Paragraphs 1 through 107 of this Answer.

98. Frontier denies the allegations contained in Paragraph 109.

99. Frontier denies the allegations contained in Paragraph 110.

100. Frontier denies the allegations contained in Paragraph 111.

101. Frontier denies the allegations contained in Paragraph 112.

102. Frontier denies the allegations contained in Paragraph 113.

## PRAYER FOR RELIEF

103. Denied that Plaintiffs are entitled to any relief, and therefore denies each of the prayers for relief stated in Paragraphs 115-20.

---

[5] As pleaded in the Second Amended Complaint, filed November 7, 2018.

## JURY TRIAL

104. Paragraph 121 is a demand for a jury trial, which Frontier denies Plaintiffs are entitled to under the law and Carriage of Contract.

## GROUNDS OF DEFENSE

By pleading the following as defenses to the Complaint, Frontier does not concede that each of the matters covered by the numbered defenses is to be proven by Frontier. Frontier reserves its position that the Plaintiffs retain the burden of proof on all matters necessary to state the claims asserted in the Counterclaim and to establish its alleged damages.

Frontier alleges, avers, and affirmatively pleads as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint is barred due to lack of subject matter jurisdiction under 28 U.S.C. § 1332.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred due to lack of personal jurisdiction.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred in this Court due to improper venue.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted. In addition, the Plaintiffs are not entitled to the relief requested, including each part and sub-part.

### FIFTH AFFIRMATIVE DEFENSE

Frontier is immune from liability for the claims asserted by Plaintiffs, and Plaintiffs' claims are pre-empted by, the Aviation and Transportation Security Act, 49 U.S.C. §§ 44941 and 44902(b).

**SIXTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiffs' claims are barred because Frontier's actions were justified or were taken in the best interests of and for the safety and security of the Plaintiffs and Frontier's passengers, or believing the actions were in the best interests of and for the safety and security of the Plaintiffs, and Frontier did not engage in any unlawful act.

**SEVENTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred by the doctrines of waiver, release, estoppels, consent, and/or latches.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs breached a material term and/or terms of the contracts and agreements, and/or Frontier met all of their obligations under the alleged contracts and agreements and did not breach any term thereof.

**NINTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to purchase travel or other relevant insurance.

**TENTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiffs' claims are barred because of the Source of Duty Rule and/or the Economic Loss Doctrine.

**ELEVENTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiffs' claims are barred under the doctrine of Assumption of Risk.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' damages, if any, were caused by the acts or omissions of other persons or entities for which Frontier is not liable or responsible, including, but not limited to, independent

third-party contractors. In the event Frontier is found liable to Plaintiffs, which Frontier expressly denies, Frontier may be entitled to indemnification, contribution, or apportionment of liability and fault pursuant to applicable law and reserve its right to seek the same.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any damages that the Plaintiffs may have sustained were not caused by an act or omission of Frontier, but were the direct and proximate result of the Plaintiffs' own acts or acts or omissions of others.

## FOURTEENTH AFFIRMATIVE DEFENSE

Frontier's actions were not the legal or proximate cause of Plaintiffs' purported injuries or damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have suffered no cognizable damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs failed to mitigate their damages, if any.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' actions were contributorily negligent, thus barring any recovery.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of unclean hands or *in pari delicto*.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claimed damages, if any, are barred, in whole or in part, by any contractual release, disclaimer, and/or limitation of remedies entered into by Plaintiffs in regard to their flight, including but not limited to, the contract of carriage in force and effect on or about the date of the alleged incident.

## TWENTIETH AFFIRMATIVE DEFENSE

While denying that Plaintiffs are entitled to any relief whatsoever, if Frontier is required to pay a monetary award to the Plaintiffs, Frontier claims a set-off against any monies received by Plaintiffs for their alleged injuries or damages.

## TWENTY FIRST AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were caused by allegedly intentional torts for which Frontier is not vicariously liable or responsible under theories of *respondeat superior* or similar principles of law.

## TWENTY SECOND AFFIRMATIVE DEFENSE

Plaintiffs' requests for punitive damages are barred because they have not alleged and cannot prove facts that would entitle them to punitive damages.

## TWENTY THIRD AFFIRMATIVE DEFENSE

Frontier reserves the right to plead and rely upon any additional defense that may become known to Frontier through the course of this litigation, including discovery, trial, or otherwise.

Frontier denies that the Plaintiffs are entitled to any of the relief prayed for.

Frontier reserves the right to amend this Answer to assert different or additional defenses or to otherwise amend any of its denials or averments.

WHEREFORE, having fully responded to the Second Amended Complaint, Frontier respectfully requests this Court to dismiss the Second Amended Complaint with prejudice, award Frontier its costs and reasonable attorneys' fees incurred in connection with this lawsuit, and allow Frontier such other and further relief as this Court deems just and proper.

January 4, 2019						Respectfully submitted,

						*/S/ ELAINE CHARLSON BREDEHOFT*
						Elaine Charlson Bredehoft, VSB 23766
						Adam S. Nadelhaft, VSB 91717
						David E. Murphy, VSB 90938
						Charlson Bredehoft Cohen & Brown, P.C.
						11260 Roger Bacon Drive, Suite 201
						Reston, VA 20190
						(703) 318-6800  Telephone
						(703) 318-6808  Facsimile
						ebredehoft@cbcblaw.com
						anadelhaft@cbcblaw.com
						dmurphy@cbcblaw.com

						Stephen J. Fearon (Admitted *Pro Hac Vice*)
						Bartholomew J. Banino (Admitted *Pro Hac Vice*)
						Allison M. Surcouf (Admitted *Pro Hac Vice*)
						Condon & Forsyth LLP
						7 Times Square
						New York, NY 10036
						(212) 490-9100  Telephone
						(212) 370-4453  Facsimile
						SFearon@condonlaw.com
						bbanino@condonlaw.com
						asurcouf@condonlaw.com

						*Counsel for Defendant Frontier Airlines, Inc.*

14

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of January, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

>Thatcher A. Stone, Esq.
>William T. Woodrow, III, Esq.
>Stone & Woodrow LLP
>250 West Main Street, Suite 201
>Lewis & Clark Plaza
>Charlottesville, Virginia 22902
>Phone: (301) 928-7665
>thatcher@stoneandwoodrowlaw.com
>will@stoneandwoodrowlaw.com
>
>*Counsel for Plaintiffs*

>*/S/ ELAINE CHARLSON BREDEHOFT*
>Elaine Charlson Bredehoft, VSB 23766
>Charlson Bredehoft Cohen & Brown, P.C.
>11260 Roger Bacon Drive, Suite 201
>Reston, VA 20190
>(703) 318-6800 Telephone
>(703) 318-6808 Facsimile
>ebredehoft@cbcblaw.com
>*Counsel for Defendant*
>  *Frontier Airlines, Inc.*