IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| ANNE SMITHERS AND HENRY WILEY, | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : Civil Action No. 1:18-cv-00676 |
| | : |
| FRONTIER AIRLINES INC., | : |
| | : |
| Defendant. | : |

## JOINT DISCOVERY PLAN

Pursuant to the parties' cooperation and agreement, and after an Initial Pretrial Conference with Magistrate Judge Ivan D. Davis on March 6, 2019, the parties submit this proposed Joint Discovery Plan pursuant to the Federal Rules of Civil Procedure 26(f):

1. **Initial Disclosures**.  Rule 26(a)(1) disclosures were made on **Wednesday, February 27, 2019.**

2. **Amendment and Joinder of Parties.**  Any party filing for a joinder of parties must first obtain the Court's leave as required by Fed. R. Civ. P. 14.  Any party wishing to amend its pleadings must first obtain the Court's leave as required by Fed. R. Civ. P. 15.

3. **Settlement Potential.**  The parties have conducted one mediation with Magistrate Judge Davis that did not lead to a settlement, but the parties are amenable to continued mediation with Magistrate Judge Davis

4. **Discovery Generally**.  All discovery shall be completed by **May 24, 2019**.

5. **Fact Depositions.**  Each party is permitted to take up to eight (8) non-party, non-expert witness depositions.  Any party wishing to take more than eight (8) non-party, non-expert witness depositions may request permission from the Court to do so.  Unless otherwise authorized

by the court or stipulated by the parties, a deposition is limited to one (1) day of seven (7) hours unless earlier adjourned with an agreement to continue. As to 30(b)(6) witnesses, Defendant can elect how many deponents respond to a 30(b)(6) notice, and each deponent can be deposed for up to one (1) day of seven (7) hours, and all such testimony shall count as one (1) deposition.

Plaintiffs' depositions will be taken in defense counsel's offices in Reston, Virginia.

Depositions of Frontier employees, including 30(b)(6) witnesses, will be taken in Frontier's principal place of business – Denver, Colorado, or where the employee resides.

6. **Interrogatories.** The parties do not anticipate they will need to serve more than thirty (30) interrogatories per party, including parts and subparts.

7. **Requests for the Production of Documents.** The parties agree that the exchange of written requests for the production of documents and responses shall be conducted pursuant to Fed. R. Civ. P. 34 and Local Civil Rule 26, including the specific requirements governing electronic documents.

8. **Requests for Admissions.** The parties agree that the exchange of written requests for admissions shall be conducted pursuant to Fed. R. Civ. P. 36.

9. **Discovery of Electronically-Stored Information**. The parties have agreed that typical electronically stored information ("ESI") will be printed and produced in either PDF or paper form. In the event that any party, after reviewing the document, determines that it would like the metadata of that document, that party shall request in writing the metadata, and, if available, subject to objection of counsel to be resolved by the court if raised, the metadata shall be produced promptly subject to objection of counsel and ruling of court, if raised.

10. **Privilege Logs**. If a privilege or privileges are asserted as to any information requested in discovery, the party asserting privilege shall specify the legal basis for such assertion and identify sufficient facts giving rise to any alleged claim of privilege. The party asserting privilege shall identify any information, document, or other material (collectively, "material") for which any privilege is asserted by means of production of a Privilege Log. For all material identified in the Privilege Log, the asserting party shall identify the date, author or generator, persons shown as having been or otherwise known as having been a recipient of the material, and any other information sufficient to establish the applicability of the privilege asserted. If the asserting party contends that he has attempted to procure the waiver of the privilege, he shall identify fully the persons with whom he communicated and the stated reason for refusal to waive the privilege.

11. **Protective Order.** The parties shall work together to agree on a proposed Consent Protective Order for the handling of any confidential information that should not be publicly disclosed or available and shall comply with the requirements of *Virginia Department of State Police v. The Washington Post*, 386 F.3d 567, 575-76 (4th Cir. 2004), and *Ashcraft v. Conoco*, 218 F.3d 288 (4th Cir. 2000).

12. **Inadvertent Production of Privileged Material.** Inadvertent production of documents subject to work-product immunity, the attorney-client privilege, or other privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege. The party inadvertently disclosing any document may request the return of the document without any need to show the production was inadvertent. A request for the return of the document shall identify the document ("Inadvertently Produced Document") and the basis for withholding the document from production. If a party or nonparty requests the return of any Inadvertently

Produced Document then in the custody of another party or nonparty, such other party shall within five (5) business days return to the requesting party or nonparty or destroy the Inadvertently Produced Document and all copies thereof (except counsel may retain one copy of each document for which the returning party intends to move the Court for an order compelling production).  The party returning such documents may move the Court for an order compelling production of the material but such motion shall not assert the fact or circumstances of the inadvertent production as a ground for entering such an order.  Unless otherwise agreed to in writing by the parties, any challenge by the receiving party to the producing party's claim of privilege will be waived if not asserted in a challenge motion filed within 15 days of the receiving party's receipt of the notice from the producing party.

13.     **Expert Disclosures**.  The disclosures required by Fed. R. Civ. P. 26(a)(2) shall be made first by any plaintiff, counter-plaintiff, or third-party plaintiff no later than **March 24, 2019**.  The disclosures required by Fed. R. Civ. P. 26(a)(2) shall be made by any defendant, counter-defendant, or third-party defendant no later than **April 24, 2019**.  Plaintiff, counter-plaintiff, or third-party plaintiff shall disclose any evidence that is solely contradictory or rebuttal evidence to another party's disclosure no later than **May 9, 2019**.  Treating physicians are not experts for the purposes of this proceeding.

14.     **Preservation of Discoverable Information.**  The parties have addressed the matter of preservation of discoverable information, and did so prior to the filing of this case.  Both parties believe that they have taken reasonable steps to preserve all such information.

15.     **Summary Judgment.**  The parties agree that Fed. R. Civ. P. 56 and Local Civil Rule 56 shall govern motions for summary judgment

16. **<u>Witness and Exhibit Lists</u>**. As set forth in this Court's February 4, 2019 Order, the parties shall file a list of the exhibits to be used at trial, a list of the witnesses to be called at trial, and a written stipulation of uncontested facts, fourteen days before the final pretrial conference.

17. **<u>Exhibits and Objections</u>**. Each party shall exchange full copies, marked, indexed and tabbed of the exhibits it intends to use at trial on or before fourteen (14) days before the Final Pretrial Conference. Any objections shall be filed and exchanged three (3) days prior to the Final Pretrial Conference.

18. **<u>Dispositive Motions.</u>** All dispositive motions shall be governed by Local Rule 7 and this Court's Order dated February 4, 2019.

19. **<u>Motions in Limine and *Daubert* Motions.</u>** The timing for Motions in Limine and *Daubert* Motions shall be governed by this Court's Order dated February 4, 2019.

20. **<u>Serving and Filing Pleadings.</u>** Service and filing of pleadings in this case shall adhere to the United States District Court for the Eastern District of Virginia Electronic Case Filing policies and procedures. Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties agree that service of notices of deposition, discovery requests and other such papers not required to be filed with the Clerk of Court will be accepted by electronic means ("e-mail"), and that service is complete upon and on the day of transmission provided that the party to be served receives the transmission prior to 5:30 P.M. Electronic transmissions received by a party between 5:30 P.M. and 11:59 PM shall be effective as service on the following day. Any attachments to discovery, deposition notices or other papers not filed with the Clerk of Court shall either be e-mailed simultaneously, or faxed as soon as possible following the e-mail transmission in the same calendar day, unless the parties expressly agree to additional time. If the attachments are too

voluminous to send via email or facsimile, they shall be sent via messenger or overnight delivery on the same day as the e-mail transmission. In such case and notwithstanding the earlier receipt of the partial filing, service will not be effective until receipt of the attachments by the other party. In all cases of service by e-mail, the hard copy shall also be sent by first class mail, postage pre-paid no later than the day following the e-mail transmission, unless it has been delivered by messenger or overnight delivery. The parties also agree and acknowledge, pursuant to Fed. R. Civ. P. 5(b)(2)(E), that service by e-mail is not effective if the party making service receives any type of communication that the document(s) being served was not received by the intended recipient. In such a case, service must be made as soon as practicable after receipt of such communication, by messenger or overnight mail and shall be considered effective upon receipt by either method

21. **No Other Discovery Modifications**. The parties agree at the present time that no further changes need to be made with respect to the limitations on discovery imposed by the Local Rules.

22. **Trial**. The parties do not consent to have a United States Magistrate Judge conduct the trial of this matter.

| | |
|---|---|
| _____/s/_____<br>Elaine Charlson Bredehoft, VSB No. 23766<br>Adam S. Nadelhaft, VSB 91717<br>David E. Murphy, VSB 90938<br>Charlson Bredehoft Cohen & Brown, P.C.<br>11260 Roger Bacon Drive, Suite 201<br>Reston, VA 20190<br>(703) 318-6800  Telephone<br>(703) 318-6808  Facsimile<br>ebredehoft@cbcblaw.com<br>anadelhaft@cbcblaw.com<br>dmurphy@cbcblaw.com<br><br>Stephen J. Fearon (Admitted *Pro Hac Vice*)<br>Bartholomew J. Banino (Admitted *Pro Hac Vice*)<br>Allison M. Surcouf (Admitted *Pro Hac Vice*)<br>Condon & Forsyth LLP<br>7 Times Square<br>New York, NY 10036<br>(212) 490-9100  Telephone<br>(212) 370-4453  Facsimile<br>SFearon@condonlaw.com<br>bbanino@condonlaw.com<br>asurcouf@condonlaw.com<br><br>*Counsel for Defendant*<br>*Frontier Airlines, Inc.* | _____/s/_____<br>William T. Woodrow III, Esquire<br>Virginia State Bar No. 88122<br>Thatcher A. Stone, Esq.<br>(Pro Hac Vice)<br>250 West Main Street, Suite 201<br>Lewis & Clark Plaza<br>Charlottesville, VA 22903<br>Stone & Woodrow LLP<br>will@stoneandwoodrowlaw.com<br>(855) 275-7378 (telephone)<br>(646) 873-7529 (facsimile)<br><br>*Counsel for Plaintiffs* |