IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| ANNE SMITHERS, *et al.* | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) C.A. No. 1:18cv676 (TSE/IDD) |
| FRONTIER AIRLINES, INC. | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

**PROTECTIVE ORDER**

WHEREAS, the Plaintiffs, Anne Smithers and Henry Wiley (collectively, "Plaintiffs") and Defendant Frontier Airlines Inc. ("Defendant"), are presently engaged in discovery; and

WHEREAS, the parties consider certain information being sought in discovery or included in documents sought in discovery to be of a confidential nature; and

WHEREAS, the parties seek the entry of this Protective Order to permit the parties to discover information deemed confidential pursuant to procedures protecting the confidentiality of such information;

IT IS HEREBY STIPULATED AND ORDERED, as follows:

1. The following documents and information produced in discovery herein shall be considered "Confidential Information" for the purposes of this Order:

    (a) Medical records of any nature from hospitals, physicians, physical therapists, psychologists, psychiatrists, and any other health care provider for Plaintiffs by which Plaintiffs have been seen or sought treatment, or personal information, such as financial information; and

    (b)    Any previously undisclosed and non-public (i) business records of Defendant and/or clients, customers, or business partners; (ii) communications between Defendant and clients, customers, or business partners; (iii) policies, procedures, or protocol of Defendant; (iv) personal information of any employee of Defendant or other company, (including, but not limited to, salary information, medical information, or social security number); (v) employment records of employees or former employees of Defendant; and

    (c)    Previously undisclosed and non-public information such as personnel files, business, personal, financial, or other sensitive information which counsel for a party in good faith believes warrants protection of this Protective Order.

2. Defendant, Plaintiffs, or a third party providing documents in response to a subpoena will designate all documents falling within the above definition of "Confidential Information" at the time of production by marking such documents "Confidential."

    (a)    Specific oral testimony, including transcripts of such testimony, given by or on behalf of a party, may be designated as "Confidential Information" by any party or the witness by so designating either (i) on the record at the time of the specific testimony or (ii) by separate written notification within twenty-one (21) days after receipt by the party or witness of the transcript of the testimony. All specifically marked transcripts and testimony shall be treated as if designated as "Confidential" until the expiration of that twenty-one (21) day period.

    (b)    If testimony is designated as "Confidential" on the record, the court reporter shall mark the face of the transcript and the designated portion containing the designated testimony "Confidential." Any portion of a transcript designated as "Confidential" shall, if filed, be filed under seal with the Court.

    (c)    The parties may not issue blanket designations for depositions and must provide each specific page designated as confidential. Failure to do so shall result in the page, transcript or designation not being considered confidential.

3. Third party persons or entities responding to subpoenas issued by either the Plaintiffs or Defendant shall be able to designate documents or information as "Confidential Information" at the time of production by marking such documents "Confidential." Confidential Information received by third parties shall be treated pursuant to the terms of this Protective Order.

4. In the event that counsel for the party receiving "Confidential Information" designations objects to such designation of any or all such items, said counsel shall timely provide the producing party written notice of, and basis for, such objections. The parties will use their best efforts to resolve such objections between themselves. Should the parties be unable to resolve the objections, the party receiving the "Confidential Information" may seek a hearing before this Court with respect to the propriety of the designation. The producing party will cooperate in obtaining a prompt hearing with respect thereto. Pending a resolution, the discovery material in question shall continue to be treated as "Confidential Information" as provided hereunder. The burden of proving that discovery material is properly designated as "Confidential Information" shall at all times remain with the party designating the material as Confidential.

5. In the event that counsel for the party designating "Confidential Information" seeks to restrict review of that information to that by Plaintiffs' and Defendants' counsel of record, including other attorneys, law clerks, and paralegals in counsel of records' law firms engaged in preparing this action for trial (collectively referred to as "legal staff"), said counsel shall timely provide the producing party written notice of, and the factual and/or legal basis for, an "Attorneys' Eyes Only" designation. The parties agree that the "Attorneys' Eyes Only" designation shall only be used in good faith and in regards to information which would pose a

significant threat of economic loss, loss of goodwill, negatively impacting employees, invasion of privacy, or other damages if disseminated beyond the parties' legal staff. In this case, Plaintiff has requested highly confidential documents requiring special protections, such as information about airline passengers and passenger manifests and as described in 14 C.F.R. § 243, *et seq*. In the event that counsel for the party receiving information designated "Attorneys' Eyes Only" objects to such designation of any or all such items, the parties will use their best efforts to resolve such objections between themselves. Should the parties be unable to resolve the objections, the party receiving the information designated "Attorneys' Eyes Only" may seek a hearing before this Court or the Arbitrator with respect to the propriety of the designation. The producing party will cooperate in obtaining a prompt hearing with respect thereto. Pending a resolution, the discovery material in question shall continue to be treated as "Attorneys' Eyes Only" as provided hereunder. The burden of proving that discovery material is properly designated as "Attorneys' Eyes Only" shall at all times remain with the party designating the material as such.

6. The failure by any party to object to any specific "Attorneys Eyes Only" designation shall not be considered a waiver of the objection to the designation or consent that the information is confidential.

7. Discovery information designated as "Confidential" shall be provided only to "Qualified Persons" as defined in Paragraph 7 below. Each Qualified Person shall maintain Confidential Information in confidence and shall not reveal any such information to any person who is not a Qualified Person without prior written consent of counsel for the other party or an order by the Court authorizing such disclosure. Confidential Information shall be used only for

purposes of this litigation and all appeals (not in or for other administrative, judicial, legislative, or other proceedings, unless explicitly agreed to by the parties) and shall not be disclosed, given, shown, discussed or otherwise divulged or communicated to any person except as provided herein.

8. "Qualified Persons," as used herein, consist of the Court; any arbitrator, mediator or case evaluator in this action; Plaintiffs' and Defendant's counsel of record, including other attorneys, law clerks, and paralegals (collectively referred to as "legal staff") in Plaintiffs' and Defendant's counsel's legal teams engaged in preparing for the taking of depositions, reviewing discovery materials and preparing this action for trial; court reporters and other stenographic and videographic reporters; Plaintiffs; Defendant's executives, employees, and personnel relevant to the facts and claims at issue; Plaintiffs' and Defendant's witnesses or prospective witnesses in connection with the investigation of the matters at issue in this case and their preparation to testify herein or for use during the taking of their depositions or eliciting their testimony during trial; and consultants and experts employed by Plaintiffs or Defendant. Prior to the disclosure of any "Confidential Material" to any witness, including expert witness, such person shall sign an Acknowledgment, in the form attached hereto, acknowledging that he or she has read this Protective Order and shall abide by its terms.

9. Plaintiffs and Defendant and their counsel shall not disseminate "Confidential Information" by any means to the press, media, or any other person or entity not designated as a "Qualified Person" at any time after receipt of such information.

10. Nothing herein shall restrict in any way the ability of the parties to use "Confidential Information" in trial exhibits, at trial or require submission of any document to the jury in a sealed envelope or in any form other than non-confidential exhibits.

11. Notwithstanding other terms of this Protective Order, counsel for Plaintiffs and for Defendant may, in the course of deposing a person who is not a Qualified Person, show the witness information designated as Confidential and examine the witness concerning such information, provided that (a) the witness is informed that the information is confidential and is instructed that, pursuant to Court order, such confidentiality must be maintained, and (b) no persons are present during those portions of the examination concerning Confidential Information except the witness, Qualified Persons, persons present at the request of the party who designated the information as Confidential and/or "Attorney's Eyes Only."

12. Confidential Information disclosed under this Protective Order may be copied only to the extent necessary to permit its use in accordance with the terms of this Protective Order. "Confidential Information" is to be preserved as confidential until the final disposition of this action. Within sixty (60) days of the final settlement or conclusion (including appeal, if any) of the case, copies of documents constituting "Confidential Information" within the meaning of paragraph 1 of this Agreed Protective Order, that are within the possession of Plaintiffs, Plaintiffs' attorney, Defendant or Defendant's attorneys, will either be destroyed or returned to the producing party upon written request by counsel for the producing party, and the non-producing party may request reimbursement of any reasonable expenses associated with the requested return of such Confidential Information.

13. Any party seeking to file Confidential Information so designated by the other party or witness with the Court, shall confer with the designating party or witness and determine whether the designating party or witness believes in good faith that the Confidential Information should be filed under seal.

To the extent any Confidential Material is to be filed with the Court by any counsel, if

the parties are unable to agree on redactions sufficient to avoid disclosure of confidential information, the parties shall comply with the Local Rules of the Eastern District of Virginia, including but not limited to Local Civil Rules 5 and 7, with regard to any requested filing under seal of exhibits or data marked confidential. It shall be the burden of the party who designated the information as "confidential" to move the Court for sealed filing. The further dissemination (after filing or submission of the exhibit to the Court) of such records shall be limited in a manner consistent with the processes established in the Local Rules of the Eastern District of Virginia, including but not limited to Local Civil Rules 5 and 7.

14. If a party in possession of Discovery Information designated as "Confidential" is served with a subpoena, demand or request for production of such information from a court, administrative, legislative or other governmental body, or from other persons purporting to have authority to subpoena, demand or request such information, the recipient shall give immediate written notice of the subpoena, demand or request (including delivery of a copy of the same) to the attorneys for the producing or disclosing party. In the event that a subpoena, demand or request purports to require production of such Discovery Information on less than ten (10) day's notice, the party to whom the subpoena, demand or request is directed shall give prompt telephonic notice of the receipt of such subpoena, demand or request to the attorneys for the producing or disclosing party.

15. Nothing in this Order shall prevent a designating party from disclosing or publicizing using its own Confidential Information in any manner; however, public disclosure, public use, or publication of the Confidential Information may alter its designation to non-Confidential and trigger the ability of the receiving party to challenge the continuing designation as confidential. The restrictions stated in this Order may be extended to additional documents or information by agreement of the parties.

16. This Protective Order become effective upon first execution thereof by the parties (prior to submittal thereof to the Court) and may be amended by a stipulation submitted to and so ordered by the Court or, if the parties are unable to agree, by the Court on application of a party.

17. This Protective Order may be executed in two or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

ENTERED this 14th day of March, 2019.

/s/
Ivan D. Davis
United States Magistrate Judge