# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| ANNE SMITHERS, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No. 1:18cv676 (TSE/IDD) |
| ) | |
| FRONTIER AIRLINES, INC. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT FRONTIER AIRLINES, INC.'S OBJECTIONS & RESPONSES TO
PLAINTIFFS ANNE SMITHERS' AND HENRY WILEY'S
<u>FIRST REQUEST FOR PROUDCTION OF DOUMENTS</u>**

Defendant Frontier Airlines, Inc. ("Frontier" or "Defendant"), pursuant to Fed. R. Civ. P. 34 and Local Rules 26(B) and 26(C), hereby responds to Plaintiffs Anne Smithers and Henry Wiley's (collectively, "Plaintiffs") First Request for Production of Documents as follows:

**OBJECTIONS TO DEFINITIONS**

**Definition D:** Defendant objects to the definition of "DOCUMENT" to the portion of the definition stating "or to which DEFENDANT …has had, or can obtain access" to documents on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome. Defendant can only produce documents within its possession, custody, or control.

**Definition E:** Defendant objects to the definition of "IDENTIFY, IDENTITY, OR IDENTIFICATION" on the grounds that it is harassing, overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence because Plaintiffs request that Defendant, as part of "identifying" a document, state the date the document was prepared,

identifying labels, type of document, number of pages, identity of every author, identity of every person to whom document was addressed, identity of every person who received the document, and the identity of every person who ever had possession, custody, or control of the document. Defendant further objects to this definition in that Plaintiffs request Defendant to further "segregate[] or otherwise identify [the documents] to reflect the number of the interrogatory or interrogatories to which the document is responsive" for the same reasons as above. Plaintiffs' request for this information is not supported by the Rules and is harassing and an undue burden on Defendant. Finally, Defendant objects to Plaintiffs' request for metadata on every document, because Plaintiffs have failed to show the required particularized need, or articulated any need at all, for the metadata, and exists a presumption against the production of metadata.

**Definition G:** Defendant objects to the definition of "IDENTIFY a PERSON" on the grounds that it is harassing, overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant does not object to providing a person's full name, last known address, telephone number, and last known occupation, but Defendant objects to the remainder of the definition ("business affiliation…corresponding last known such information") on the grounds stated above.

**Definition H:** Defendant objects to this definition on the grounds that it is harassing, overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. The information requested is equally available to Plaintiffs. Further, Plaintiffs' request that Defendant, in identifying a business entity, be required to provide the extensive information requested is an overly broad request that constitutes an undue burden.

**Definition 1:** Defendant objects to the definition of "OCCURRENCE" on the grounds that it is vague and ambiguous. Defendant further objects that responding to a discovery request containing the word "OCCURRENCE" would improperly require the adoption of the assumption that "the incident complained of Plaintiffs in the Second Amended Complaint" occurred exactly as alleged by Plaintiffs. This objection to the definition of "OCCURRENCE" applies to all of Plaintiffs' discovery requests containing that word..

## OBJECTIONS TO INSTRUCTIONS FOR DOCUMENT PRODUCTION

**Instruction 2:** Defendant objects to this instruction on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. The definition places an indefinite and never-ending time period for its definition of "DOCUMENTS" by requiring production of documents "prepared previously or subsequently to the foregoing period."

**Instruction 7:** Defendant objects to the definition requiring metadata because Plaintiffs have failed to show the required particularized need, or articulated any need at all, for the metadata, and exists a presumption against the production of metadata.

**Instruction 8:** Defendant objects to this instruction on the grounds that it is harassing, overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs' requests for Defendant to consecutively number, identify by request number, and identify source location is beyond the requirements of the rules when the documents are being produced as kept in the ordinary course of business. *See* Fed. R. Civ. P. 34(b)(2)(E)(i).

## DOCUMENT REQUESTS

**Request No. 1: Provide the passenger manifest for the complained of flight, including seat assignments.**

**OBJECTION:** Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. The Request calls for the production of confidential passenger information, and 14 C.F.R. § 243 protects the disclosure of such private passenger information. Courts ordering such production do so under a protective order limiting the use of private information to counsel for the purposes of litigation, limits disclosure to the specific passenger information relevant to the facts of the case, and limits disclosure to use by counsel, staff, and the Court through "Attorney's Eyes Only" production. In this case, Defendant has attempted to discuss entry of a protective order with Plaintiff on multiple occasions, but Plaintiff continues to insist a protective order is not necessary in this case.

**RESPONSE:** Without waving the objections, and consistent with the provisions of the Joint Discovery Plan, Defendant will only produce relevant portions of the Confidential documents called for in this Request upon the entry of a mutually agreeable Protective Order.

**Request No. 2: Provide all documents identified in response to Plaintiffs' First Set of Interrogatories, separated by reference to interrogatory number.**

**OBJECTION:** Defendant objects to the portion of this Request requiring Defendant to "separate[] by reference to interrogatory number" on the grounds that it is overly broad and unduly burdensome as further stated in Defendants' objections to Plaintiffs' Definitions D, E and G. Definitions. Plaintiffs' request for Defendant to separate all documents by reference to

4

interrogatory number is beyond the requirements of the rules when the documents are being produced as kept in the ordinary course of business. Fed. R. Civ. P. 34(b)(2)(E)(i).

**RESPONSE:** Without waving the objections, Defendant refers Plaintiff to documents produced.

**Request No. 3: Provide all correspondence and other documents from or to Frontier and Menzies, also known as Aircraft Service International, Inc., regarding the Occurrence.**

**OBJECTION:** Defendant objects to this Request on the grounds that it is vague, ambiguous, and that a response would improperly require the adoption of an assumption as to the definition of "OCCURRENCE." Defendant further objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege. Defendant further objects on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3). Finally, Defendant objects that the Request as written seeks documents beyond Frontier's possession, custody, or control, as it would require Frontier to produce documents solely in Menzies' possession.

**RESPONSE:** Without waving the objections, Defendant refers Plaintiff to documents produced.

**Request No. 4:** Provide all documents including videos received from Denver International Airport or any other agency with records and videos of airport locations at the Denver International Airport where the occurrence took -place.

**OBJECTION:** Defendant objects to this Request on the grounds that it is vague, ambiguous, and that a response would improperly require the adoption of an assumption as to the definition of "OCCURRENCE." Defendant further objects that the information or documents requested is equally available to Plaintiffs as Frontier cannot have exclusive possession of documents responsive to the Request as written. Finally, Defendant objects that the Request as written seeks documents beyond Frontier's possession, custody, or control.

**RESPONSE:** Without waiving the objections, Defendant is not in possession of any documents responsive to this Request.

**Request No. 5:** Provide all documents regarding the Occurrence.

**OBJECTION:** Defendant objects to this Request on the grounds that it is vague, ambiguous, and that a response would improperly require the adoption of an assumption as to the definition of "OCCURRENCE." Defendant further objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence in that it seeks "all documents." Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege. Defendant further objects on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving the objections, this Request is duplicative of Plaintiffs' other Requests. Defendant refers Plaintiff to documents produced.

**Request No. 6**: Provide all documents and the employee records for the unidentified Menzies employees- who interacted with the Plaintiffs during the Occurrence, including but not limited to their disciplinary histories.

**OBJECTION**: Defendant objects to this Request on the grounds that it is vague, ambiguous, and that a response would improperly require the adoption of an assumption as to the definition of "OCCURRENCE." Defendant further objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that the Request as written would require Frontier to produce documents of another entity, Menzies, of which it has no custody or control. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege. Defendant further objects on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE**: Without waving the objections, Defendant is not in possession of any documents responsive to this Request.

**Request No. 7**: Provide all documents regarding the flight delay of the complained of Frontier flight from Denver to Washington on the morning of the Occurrence, including maintenance status, repair status and all fuel onboard delivery from 12-24-17 at 4:00 PM Denver time to 12-25-17 at 11:00 AM Denver time, including when maintenance items or squawks were initiated and completed and by whom.

**OBJECTION**: Defendant objects to this Request on the grounds that it is vague, ambiguous as to the term "squawks", and that a response would improperly require the adoption of an assumption as to the definition of "OCCURRENCE." Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege. Defendant further objects on the grounds that this Request invades protected litigation work product and

7

would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving the objections, Defendant refers Plaintiff to documents produced. Consistent with the provisions of the Joint Discovery Plan, Defendant will only produce any further Confidential documents called for in this Request upon the entry of a mutually agreeable Protective Order.

**Request No. 8: Provide all documentation, including test results and breathalyzer information with respect to the co-pilot on the date of the occurrence.**

**OBJECTION:** Defendant objects to this Request on the grounds that it is vague and ambiguous, and that a response would improperly require the adoption of an assumption as to the definition of "OCCURRENCE." Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege. Defendant further objects on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waiving the objections, Defendant refers Plaintiff to documents produced.

**Request No. 9: Provide all documents including the employee record for the co-pilot on the flight during the occurrence, including any disciplinary history.**

**OBJECTION:** Defendant objects to this Request on the grounds that it is vague, ambiguous, and that a response would improperly require the adoption of an assumption as to the definition of "OCCURRENCE." Defendant objects to this Request on the grounds that it is vague and ambiguous. The Request as written is unclear and confusing because it appears to request "all documents…for the co-pilot during the occurrence." The Request for the co-pilot's disciplinary history, if any, is also overly broad, unduly burdensome, and is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege. Defendant further objects on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Defendant stands on its objections to this Request.

**Request No. 10: Provide the ground handling agreement between Frontier and Menzies.**

**OBJECTION:** Defendant objects to the term "ground handling agreement" as vague and ambiguous. Defendant further objects that the Request as written is overly broad, unduly burdensome, and is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence as it calls for all "ground handling" agreements between Frontier and Menzies, regardless of time period or relevance to the facts of this case. Defendant will only produce any agreement with Menzies that is relevant to the issues and facts in the litigation.

9

**RESPONSE:** Without waiving the objections, and consistent with the provisions of the Joint Discovery Plan, Defendant will only produce the Confidential documents called for in this Request upon the entry of a mutually agreeable Protective Order.

**Request No. 11:** Provide a generic copy of the form that is required to be filled out when a passenger is ejected from a flight, the actual form generated during the Occurrence (if it exists), and the guidelines for when a form is or is not required, including definitions of incident levels, and other explanatory or training materials associated with the ejection of a boarded passenger.

**OBJECTION:** Defendant objects to this Request on the grounds that it is vague, ambiguous, and that a response would improperly require the adoption of an assumption as to the definition of "OCCURRENCE." Defendant objects to this Request on the grounds that it is vague and ambiguous as to the phrases "generic copy of the form that is required to be filled out when a passenger is ejected from a flight," "the actual form generated during the OCCURRENCE," and "other explanatory training materials associated with the ejection of a boarded passenger." Plaintiffs have thus failed to describe the request with reasonable particularity. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege. Defendant further objects on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3). Finally, Defendant objects to this Interrogatory to as it seeks a legal conclusion in identifying applicable legal requirements.

**RESPONSE:** Without waiving the objections, and consistent with the provisions of the Joint Discovery Plan, Defendant will only produce the relevant Confidential documents responsive to this Request upon the entry of a mutually agreeable Protective Order.

**Request No. 12: Provide a privilege log of any relevant documents identified but believed to be exempt from production due to privilege.**

**OBJECTION:** Defendant objects to the extent the Request seeks information in a privilege log beyond the requirements of Fed. R. Civ. P.26(b)(5). Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege. Defendant further objects on the grounds that this Request invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

**RESPONSE:** Without waving the objections, Defendant will produce a privilege log regarding any documents exempt from disclosure in accordance with the Federal Rules of Civil Procedure.

March 11, 2019

*[signature: David E. Murphy]*

Elaine Charlson Bredehoft, VSB No. 23766
Adam S. Nadelhaft, VSB 91717
David E. Murphy, VSB 90938
Charlson Bredehoft Cohen & Brown, P.C.
11260 Roger Bacon Drive, Suite 201
Reston, VA 20190
(703) 318-6800  Telephone
(703) 318-6808  Facsimile
ebredehoft@cbcblaw.com
anadelhaft@cbcblaw.com
dmurphy@cbcblaw.com

Stephen J. Fearon (Admitted *Pro Hac Vice*)
Bartholomew J. Banino (Admitted *Pro Hac Vice*)
Allison M. Surcouf (Admitted *Pro Hac Vice*)
Condon & Forsyth LLP
7 Times Square
New York, NY 10036
(212) 490-9100  Telephone
(212) 370-4453  Facsimile
SFearon@condonlaw.com
bbanino@condonlaw.com
asurcouf@condonlaw.com

*Counsel for Defendant
Frontier Airlines, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify on the 25th day of February, 2019, the foregoing Defendant Frontier Airlines, Inc.'s Objections & Responses To Plaintiffs Anne Smithers' And Henry Wiley's First Request For Production Of Documents was served by email and by first class mail, postage pre-paid, on counsel for Plaintiffs addressed as follows:

> Thatcher A. Stone, Esq.
> William T. Woodrow, III, Esq.
> Stone & Woodrow LLP
> 250 West Main Street, Suite 201
> Lewis & Clark Plaza
> Charlottesville, Virginia 22902
> Phone: (301) 928-7665
> thatcher@stoneandwoodrowlaw.com
> will@stoneandwoodrowlaw.com
> *Counsel for Plaintiffs*

_____
David E. Murphy