# ATTACHMENT 5

## David Murphy

| | |
|---|---|
| **From:** | William Woodrow [will@stoneandwoodrowlaw.com] |
| **Sent:** | Friday, April 05, 2019 11:50 AM |
| **To:** | Adam Nadelhaft |
| **Cc:** | Elaine Bredehoft; David Murphy; Thatcher A. Stone |
| **Subject:** | RE: Passenger Manifest |

Ok, we will leave it in the motion then. It is no more a fishing expedition that you wishing to take depositions of Marshall and his girlfriend. The entire plane witnessed the co-pilots condition and are therefore relevant potential witnesses, but we reasonably agreed to limit our request. Your counter-offer is not reasonable. After all, it is likely that many of these people we will be unable to contact for one reason or the other.

Have you learned more about the passenger who debarked?

Will

**From:** Adam Nadelhaft <anadelhaft@cbcblaw.com>
**Sent:** Friday, April 5, 2019 11:34 AM
**To:** William Woodrow <will@stoneandwoodrowlaw.com>
**Cc:** Elaine Bredehoft <ebredehoft@charlsonbredehoft.com>; David Murphy <DMurphy@cbcblaw.com>
**Subject:** RE: Passenger Manifest

Will-

Our offer would provide you with passenger information for 8 different passengers, separate from anyone from the Smithers/Wiley travelers. This would include passengers in Row 9, who are separate from anyone from the Smithers/Wiley travelers. Anything more than 8 third-party passengers certainly seems like a fishing expedition by Plaintiffs. That is what 14 C.F.R. § 243 is designed to protect against.

Adam

Adam S. Nadelhaft
Charlson Bredehoft Cohen & Brown, P.C.
11260 Roger Bacon Drive
Suite 201
Reston, VA  20190
(703) 318-6800, ext. 231
(240) 472-8298 (mobile)
(703) 318-6808 (fax)
www.cbcblaw.com

**From:** William Woodrow [mailto:will@stoneandwoodrowlaw.com]
**Sent:** Friday, April 05, 2019 11:09 AM
**To:** Adam Nadelhaft
**Cc:** Elaine Bredehoft; David Murphy
**Subject:** RE: Passenger Manifest

No Adam, that's not reasonable.  We are entitled to the entire plane, and the information does have the strongest protections in place – the attorney's eyes only protective order.

Ms. Smithers row is filled with her and her companion already, so no that's not a very good offer.

If you give us the first two rows and a single row in front and behind, we can live with that, but that's our bottom line.

**From:** Adam Nadelhaft <anadelhaft@cbcblaw.com>
**Sent:** Friday, April 5, 2019 10:59 AM
**To:** William Woodrow <will@stoneandwoodrowlaw.com>
**Cc:** Elaine Bredehoft <ebredehoft@charlsonbredehoft.com>; David Murphy <DMurphy@cbcblaw.com>
**Subject:** Passenger Manifest

Will-

Plaintiffs have asked for passenger information from the passenger manifest for 8 rows, which would amount to information on close to 50 passengers who are not parties to this case.  As you know, this information requires special protections, and needs to be narrowly tailored, as is required under 14 C.F.R. § 243, *et seq*.

With these protections in mind, Frontier is willing to provide the passenger information from the passenger manifest for Rows 1 and 9.  Passenger information from Row 1 would allow Plaintiffs to determine if any passengers from the flight heard any discussions on the jet way.  We believe that Ms. Smithers sat in Row 9 before she was removed, so Frontier will provide the passenger information from that row as well.

We believe that this compromise is entirely reasonable.  Please let us know if Plaintiffs will agree.

Adam


Adam S. Nadelhaft
Charlson Bredehoft Cohen & Brown, P.C.
11260 Roger Bacon Drive