IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| ANNE SMITHERS, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No. 1:18cv676 (TSE/IDD) |
| ) | |
| FRONTIER AIRLINES, INC. ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT FRONTIER AIRLINES, INC.'S
### MEMORANDUM IN SUPPORT OF MOTION TO SEAL

Defendant Frontier Airlines, Inc. ("Frontier"), by counsel, pursuant to Local Rule 5(c) of the Rules of the United States District Court for the Eastern District of Virginia, hereby files this Memorandum in support of its Motion to Seal Exhibits A, B, D, E, and F to Plaintiff's Memorandum in Support of Plaintiffs' Motion to Compel ("Plaintiffs' Memorandum") [Dkt. 63], and Attachments 3 and 4 to Frontier's Opposition to Plaintiffs' Motion to Compel Discovery ("Defendants' Opposition") [Dkt. 67].

### ARGUMENT

Before this Court may seal documents, it must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives. *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (*citations omitted*). Defendant Frontier satisfies the first *Ashcraft* factor and is in compliance with Local Rule 5 of the Rules of this Court

regarding public notice because it has filed a Public Notice of Defendants' Motion to Seal along with a proposed Order. *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

Frontier moves to seal Exhibits A, B, D, E, and F of Plaintiffs' Memorandum and Attachments 3-4 of Defendant's Opposition because they contain confidential information regarding investigations of a flight on December 25, 2017, as well as information that if publicly disclosed would pose concerns regarding airport, baggage, security, and ground handling operations at airports. These documents were designated as "Confidential" by Frontier, pursuant to the terms of the Protective Order entered in this case. [Dkt[1]. 61]. Once the information was designated as Confidential by the designating party the presumption is that it shall remain Confidential, and sealed, unless the Court determines otherwise.

## I. Exhibits A, D, E and F of Plaintiffs' Memorandum Should be Sealed

Frontier moves to seal Exhibits A and D of Plaintiffs' memorandum because they contain confidential and private communications between Plaintiff Smithers and Frontier personnel regarding the flight on December 25, 2017, and would reveal personal identifying information.[2] Exhibit D is identical to the third page of Exhibit A, so the above arguments apply equally to Exhibit D. The Exhibits contain personal information of Frontier and Menzies personnel by including their email addresses and phone numbers, both in their capacity as employees as well as their personal information, as well as confidential witness statements regarding accounts of the flight on December 25, 2017. The Exhibits further contain references to personal identifying

---

[1] Frontier further redacted direct quotations from Attachments 3-4 in its Opposition to Plaintiffs' Motion to Compel. *See* Opposition, at 7.

[2] Exhibit A already contains work-product redactions unrelated to this motion that are the subject of Plaintiffs' underlying Motion to Compel Discovery.

2

information for Plaintiff Smithers, as well as statements by Plaintiff Smithers that these communications are private and not intended to become public. *See* Exhibit A, at DEF217.

Frontier further moves to seal Exhibits E and F of Plaintiffs' memorandum because they are communications between Frontier and Doug Hill, Assistant Principal Operations Inspector at the Federal Aviation Administration ("FAA") ("Mr. Hill"). Exhibits E and F contain communications between Frontier and Mr. Hill regarding the December 25, 2017 flight. DEF101 further refers to the Aircraft Operator Standard Security Program ("AOSSP"), which is a highly confidential document containing security information that may not be disclosed without permission the Administrator of the Transportation Security Administration ("TSA") or the Secretary of Transportation.

The less drastic measure of further redacting these documents would lead to redacting nearly the entire document, would create confusion between redactions for work product and redactions for sealing, and would deprive the Court of information relevant to Plaintiffs' underlying Motion to Compel.

II. **Exhibit B of Plaintiffs' Memorandum and Attachments 3 and 4 of Defendant's Opposition Should be Sealed**

Frontier moves to seal Exhibit B of Plaintiffs' Memorandum and Attachments 3-4 of Defendant's Opposition because these attachments are the Ground Handling Agreement between Frontier and Menzies (Exhibit B to Plaintiffs' Memorandum and Attachment 3 of Defendants' opposition) and the Simplified Procedure for the Ground Handling Agreement (Attachment 4 to Defendant's Opposition) (collectively, the "Ground Handling Agreements"). The Ground Handling Agreements are strictly confidential documents between Frontier and Menzies that reveal extensive details of airport, baggage, security, and ground handling operations. Att. 4 to

Defendants' Opposition (DEF179-180). Public disclosure of the Ground Handling Agreements would also pose a risk to airport and aviation security for the same reasons.

The less drastic measure of redacting the Ground Handling Agreements would lead to extensive redactions of all portions that refer to airport, baggage, security, and ground handling operations, and would deprive the Court of information relevant to Plaintiffs' underlying Motion to Compel.

## **CONCLUSION**

For the reasons set forth above, Plaintiff respectfully request that this Court Order that **1)** Exhibits A, B, D, E, and F to Plaintiffs' Memorandum [Dkt. 63]; and **2)** Attachments 3 and 4 to Defendants' Opposition [Dkt. 67]be filed under seal by the Clerk, and that the Clerk retain sealed materials until forty-five (45) days after entry of a final Order, and, if the case is not appealed, return any sealed materials to counsel for the filing parties.

April 10, 2019

                */s/ DAVID E. MURPHY*_____
Elaine Charlson Bredehoft, VSB No. 23766
Adam S. Nadelhaft, VSB 91717
David E. Murphy, VSB 90938
Charlson Bredehoft Cohen & Brown, P.C.
11260 Roger Bacon Drive, Suite 201
Reston, VA 20190
(703) 318-6800  Telephone
(703) 318-6808  Facsimile
ebredehoft@cbcblaw.com
anadelhaft@cbcblaw.com
dmurphy@cbcblaw.com


Stephen J. Fearon (Admitted *Pro Hac Vice*)
Bartholomew J. Banino (Admitted *Pro Hac Vice*)
Allison M. Surcouf (Admitted *Pro Hac Vice*)
Condon & Forsyth LLP
7 Times Square
New York, NY 10036
(212) 490-9100  Telephone
(212) 370-4453  Facsimile
SFearon@condonlaw.com
bbanino@condonlaw.com
asurcouf@condonlaw.com

*Counsel for Defendant*, *Frontier Airlines, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of April, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

>Thatcher A. Stone, Esq.
>William T. Woodrow, III, Esq.
>Stone & Woodrow LLP
>250 West Main Street, Suite 201
>Lewis & Clark Plaza
>Charlottesville, Virginia 22902
>Phone: (301) 928-7665
>thatcher@stoneandwoodrowlaw.com
>will@stoneandwoodrowlaw.com
>*Counsel for Plaintiffs*

>*/s/ DAVID E. MURPHY*
>Elaine Charlson Bredehoft, VSB No. 23766
>Adam S. Nadelhaft, VSB 91717
>David E. Murphy, VSB 90938
>Charlson Bredehoft Cohen & Brown, P.C.
>11260 Roger Bacon Drive, Suite 201
>Reston, VA 20190
>(703) 318-6800 Telephone
>(703) 318-6808 Facsimile
>ebredehoft@cbcblaw.com
>anadelhaft@cbcblaw.com
>dmurphy@cbcblaw.com
>*Counsel for Defendants*
>*Frontier Airlines, Inc.*