IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ANNE SMITHERS *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 1:18-cv-00676 (TSE/IDD) |
| | ) |
| FRONTIER AIRLINES, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

This matter is before the Court on Plaintiffs' Motion to Compel Documents [Dkt. No. 62]. Upon consideration of Plaintiffs' memorandum, the Opposition, and Reply, it is hereby

**ORDERED** that Plaintiffs' Motion is **GRANTED in part and DENIED in part**. The Motion is granted as to the production of emails between customer service representatives because the information is not protected by the work product doctrine: the emails were not created in anticipation of litigation. Even if they were created in anticipation of litigation, they probably would have been created in the ordinary course of business. Defendant shall also produce an unredacted passenger manifest for the passengers sitting in the first row of the flight, Plaintiff Anne Smithers' row, and the row in front and behind Plaintiff Anne Smithers as well as the identity of the passenger that disembarked the plane. The remaining passenger information on the manifest shall remain redacted. The Motion is denied as to the production of documents in possession of Menzies and the investigative report identified on Page D-101 of Defendant's production. Menzies is not Defendant's agent, and, therefore, Plaintiff may use alternative means to obtain documents from Menzies. Regarding the investigative report, Defendant maintains that the report does not exist, therefore, the Court cannot order the production of nonexistent

1

documents. Plaintiffs may pursue alternative means to obtain the report if they continue to believe that such document exists.

The Clerk is directed to forward copies of this Order to all counsel of record.

ENTERED this 25th day of April 2019.

Alexandria, Virginia

/s/
Ivan D. Davis
United States Magistrate Judge