UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
_____

| | |
|---|---|
| ANNE SMITHERS and HENRY WILEY by his mother and next friend ANNE SMITHERS<br><br>Plaintiffs,<br><br>- against -<br><br>FRONTIER AIRLINES INC.<br><br>Defendant. | Civil Action No. 1:18-cv-00676<br><br>**Memorandum in Support of Plaintiffs' Motion to Strike Defendant's Objections to Plaintiffs' 30(b)(6) Notice, to Affirm That the Noticed Testimony Given is Binding, and for the Costs of This Motion.** |

_____

### Introduction

William Woodrow (VSB 88122), and Thatcher A. Stone (admitted pro hac vice), Stone & Woodrow LLP, 250 West Main Street, Suite 201, Lewis and Clark Plaza, Telephone 855 275-7378, will@stoneandwoodrowlaw.com, thatcher@stoneandwoodrowlaw.com, Counsel for Plaintiffs, hereby move this Court to strike Defendant's Objections to Plaintiffs' Notice of 30(b)(6) Deposition, to affirm that the testimony given by Defendant's corporate representative is binding upon Frontier to the extent that it falls within the categories of Plaintiffs' Notice, and to award the costs of this motion.

### Background

On February 15, 2018, Plaintiff served its First Notice of 30(b)(6) deposition on Defendant Frontier. See Declaration of William T Woodrow dated April 25, 2019 ("W. Dec."), ¶1, Ex. A, ¶2, Ex. B. On March 4, Defendant Frontier served objections to Plaintiffs' notice. W. Dec., ¶3, Ex. C, W. Dec., ¶4, Ex. D. At the depositions of the Plaintiffs occurring on March 11, 2019, the undersigned counsel spoke with Adam Nadelhoft, co-counsel for Frontier and told him that it was our view, based upon case law, that their objections were not sufficient to avoid

1

producing a witness responsive to our notice, and that a protective order would be needed. We indicated at the same time that we would re-notice our deposition to address as many of their objections as we felt to be potentially meritorious. W. Dec. ¶5. On March 21, 2019, Plaintiffs sent a Revised Notice of 30(b)(6) Deposition which eliminated 9 of 18 inquiry topics. W. Dec., ¶6, Ex. E, ¶7, Ex. F. In response, Defendants were silent, until April 16, 2019, when Defendant served objections to Plaintiffs' revised notice. W. Dec., ¶8, Ex. G, ¶9, Ex. H. These objections were served more than 15 days after Plaintiffs' Revised Notice and, in fact, while attorney Stone was in flight to Denver to conduct the noticed 30(b)(6) deposition on the following day. At such late notice, with money already invested and travel commenced, cancelling the deposition was not a practical solution. The deposition did not go well. Defendant's lawyers immediately asserted their objections and insisted that the witness would only provide testimony in conformity with the objections, in his personal capacity, or not at all for topics where the witness was completely unprepared. W. Dec., ¶10, Ex. I. Defendant's lawyers then proceeded to riddle the deposition with the repetition of these objections, making it a very difficult deposition to conduct.

## Argument

***The Proper Way to Limit the Scope of a 30(b)(6) Deposition is Through a Protective Order.***

*General Authority, Including Courts in the Fourth Circuit*

The proper procedure to object to a Rule 30(b)(6) deposition notice is to move for a protective order. *Robinson v. Quicken Loans, Inc.,* 2013 WL 1776100, at *3 (S.D.W.Va. Apr. 25, 2013); see also *Lykins v. Certainteed Corp.*, 555 Fed. Appx. 791, 796-98 (10th Cir. 2014);

2

*Pioche Mines Consol. Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964); *Beach Mart, Inc. v. L&L Wings, Inc.*, 302 F.R.D. 396, 406 (E.D.N.C. 2014); *International Brotherhood of Teamsters v. Frontier Airlines, Inc.*, 2013 U.S. Dist. LEXIS 22986, at *19 (D. Colo. Feb. 19, 2013); *Fernandez v. Penske Truck Leasing Co.*, 2013 U.S. Dist. LEXIS 14786, at *6 (D. Nev. Feb. 1, 2013). *EEOC v. Thurston Motor Lines, Inc.*, 124 F.R.D. 110, 114 (M.D.N.C. 1989). "Put simply and clearly, absent agreement, a party who for one reason or another does not wish to comply with a notice of deposition must seek a protective order." *Beach Mart, Inc. v. L & L Wings, Inc.,* 302 F.R.D. 396, 406 (E.D.N.C. 2014)(quoting *New England Carpenters Health Benefits Fund v. First DataBank, Inc.,* 242 F.R.D. 164, 166 (D.Mass.2007)).

"There is no provision in the rules which provides for a party whose deposition is noticed to serve objections so as to be able to avoid providing the requested discovery until an order compelling discovery is issued." *Robinson,* 2013 WL 1776100, at *3 (quoting *New England Carpenter's Health Benefits,* 242 F.R.D. at 165-166.)

"The corporation bears the burden of demonstrating *to the court* that the notice is objectionable or insufficient." *Id.* (emphasis in original). If the corporation makes no such showing, the corporation must produce a witness prepared to testify to the subject matter described in the notice. *Id.* The corporation cannot make its objections and then provide a witness that will testify only within the scope of its objections. *Id.;(*see also *Bregman v. Dist. of Columbia,* 182 F.R.D. 352, 355 (D.D.C.1998); *United Consumers Club, Inc. v. Prime Time Marketing Management Inc.,* 271 F.R.D. 487, 497–98 (N.D.Ind.2010); *Espy v. Minformation Technologies, Inc.,* 2010 WL 1488555, at *3 (D.Kan. Apr. 13, 2010).

*Specific Virginia Authority*

Plaintiffs found only one case in the Eastern District of Virginia addressing the topic of objections to a 30(b)(6) deposition notice and it was decided within the context of a court order – a motion to compel. *Gray v. HSBC Bank USA, N.A.,* 2015 WL 5970444, at *2 (E.D. Va. Oct. 9, 2015). The Court found that the objections to the notice had not been preserved for the Court to consider because they were served outside the 15 day window allowed for objections under L.R. 26(C). Hence, the objections were struck. The Court in *Gray* did not address a situation where objections were claimed to be operative in the absence of a court order.

Plaintiffs also found only one case in the Western District of Virginia that addressed 30(b)(6) notices and protective orders. *Beach v. Costco Wholesale Corp.,* 2019 WL 1495296, at *2 (W.D. Va. Apr. 4, 2019). The Beach Court did not articulate with specificity the need for a protective order, but it strongly implied that the proper way to object to a 30(b)(6) notice is with a protective order, and that "The movant bears the burden of establishing 'good cause' by showing that 'specific prejudice or harm will result if no protective order is granted.'" *Id.*

**Defendant Missed its Window to File a Protective Order.**

Any party wishing to preserve the ability to seek a protective order from a 30(b)(6) notice, must serve objections pursuant to L.R. 26(C) within the 15 day time limit from the service of the notice. *Gray v. HSBC Bank USA, N.A.,* 2015 WL 5970444, at *2 (E.D. Va. Oct. 9, 2015). Not only did Defendant wait 26 days to serve its objections to Plaintiffs' Revised Notice, but it did so on the eve of deposition after any ability to involve the Court was lost. As such, it was a needlessly contentious and partially fruitless deposition. Defendant's objections

were not preserved and Defendant should be barred now from any attempt to seek that the court ratify its objections through a post hoc protective order.

### *Failure to Prepare a 30(b)(6) Witness is Tantamount to Non-Appearance and Warrants Sanctions*

"In connection with Rule 30(b)(6), sanctions may be properly imposed against a corporation when its 30(b)(6) designee is unknowledgeable of relevant facts and it fails to designate an available, knowledgeable, and readily identifiable witness because such an 'appearance is, for all practical purposes, no appearance at all.'" *Humanscale Corp. v. CompX Int'l, Inc.*, 2009 WL 5091648, at *2 (E.D. Va. Dec. 24, 2009) (quoting *Resolution Trust Co. v. Southern Union Co.,* 985 F.2d 196, 197 (5th Cir.1993).

"The Fourth Circuit has developed a four part test for use in determining what sanctions to impose under Rule 37. The court must determine (1) whether the non-complying party acted in bad faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of non-compliance; and (4) whether less drastic sanctions would have been effective. *Spicer v. Universal Forest Prod., E. Div., Inc.,* No. 7:07CV462, 2008 WL 4455854, at *1 (W.D. Va. Oct. 1, 2008)( citing *Wilson v. Volkswagen of Am., Inc.,* 561 F.2d 494, 503–06 (4th Cir.1977), *cert. denied,* 434 U.S. 1020 (1978)).

It is Plaintiffs position that Defendant's objections are inoperative due to Defendant's failure to seek a protective order prior to the 30(b)(6) deposition. It is Plaintiffs' further position that Defendants are time-barred from seeking a protective order post hoc due to the failure of Defendant to serve timely objections. It is finally Plaintiffs' position that Defendant's non-compliance with the rules and potential gamesmanship of serving objections at the eleventh hour

is deserving of sanctions due to the prejudicial impact on the Plaintiffs of creating a contentious and partially ineffectual deposition for the Plaintiffs.  Plaintiffs do not ask for severe sanctions as a result of this behavior, but Plaintiffs do ask for the costs of making this motion, and that the improper objections be struck, that Defendants be barred as an equitable matter from seeking the Court's decision to evaluate their objections post hoc, and that the testimony obtained that was within the scope of Plaintiffs' notice be deemed binding and not given in the witness's personal capacity as Defendant repeatedly asserted during the course of the deposition.

Dated:      Charlottesville, Virginia                                                              April 26, 2019

                                                               /s/ William T. Woodrow

                                              William T. Woodrow III
Stone & Woodrow LLP
250 West Main St., Suite 201
Charlottesville, Virginia 22902
T. 855-275-7378
*Attorneys for Plaintiff*

To:     CHARLSON BREDEHOFT COHEN & BROWN, P.C.
       Elaine Charlson Bredehoft
       11260 Roger Bacon Drive, Suite 201
       Reston, VA 20190
       T. (703) 318-6800
       *Attorneys for Defendant*

## Certificate of Service

      I hereby certify that on the 26th day of April, 2019, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

CHARLSON BREDEHOFT COHEN & BROWN, P.C.
Elaine Charlson Bredehoft
11260 Roger Bacon Drive, Suite 201
Reston, VA 20190
T. (703) 318-6800
*Attorneys for Defendant*

Charlottesville, VA    April 26, 2019


By:   /s/ William T. Woodrow

    William T. Woodrow III, Esq.
    Stone & Woodrow LLP
    Suite 201, Lewis & Clark Plaza
    250 West Main Street
    Charlottesville, VA 22902
    will@stoneandwoodrowlaw.com
    Telephone +1 855 275 7378/Fax +1 646 873 7529