# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| ANNE SMITHERS, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No. 1:18cv676 (TSE/IDD) |
| ) | |
| FRONTIER AIRLINES, INC. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT FRONTIER AIRLINES, INC.'S OBJECTIONS
TO PLAINTIFF'S FIRST NOTICE OF 30(B)(6) DEPOSITION**

Defendant Frontier Airlines, Inc. ("Frontier" or "Defendant"), pursuant to Fed. R. Civ. P. 30, hereby objects to Plaintiff's First Notice of 30(b)(6) Deposition as follows:

**OBJECTIONS TO INSTRUCTIONS**

1.  Defendant objects to the noticed date of April 1, 2019 as counsel is unavailable. Defendant will work with counsel for Plaintiffs for a mutually agreeable date.

2.  Defendant objects to the location of the deposition taking place in Reston, Virginia. Pursuant to Local Rule 30(A), a Defendant who is not located in the Eastern District of Virginia cannot be compelled to have his/its deposition taken there, including employees and corporate representatives. *See* Local Rule 30(A) ("Any party, or representative of a party (e.g., officer, director, or managing agent), filing a civil action in the proper division of this Court must ordinarily be required, upon request, to submit to a deposition at a place designated within the division"). Any deposition of a corporate representative of Defendant must take place in Denver, Colorado, where Frontier is located.

3. Defendant objects to Plaintiffs' instruction (B) that requires a corporate designee to "make admissions on behalf of the Defendant," as beyond the parameters of Fed. R. Civ. P. 30(b)(6), which only requires the designation of individuals "to testify on its [the entity's] behalf."

4. Defendant objects to Plaintiffs' instruction (C) to "identify [the individuals] in writing and numerical area of response to Plaintiffs' counsel one week in advance of the deposition" as overbroad and unduly burdensome because it would require compliance beyond the parameters of Fed. R. Civ. P. 30(b)(6) which does not require this action as it is permissive. Fed. R. Civ. P. 30(b)(6) ("The named organization…*may* set out the matters on which each person designated will testify.") (emphasis added).

## AREAS OF INQUIRY

1. Defendant objects to this area of inquiry on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the forgoing objections, Defendant will testify as to maintenance status, repair status, and fuel delivery for the Frontier aircraft 910, from December 24, 2017 at 4:00 p.m. Denver time to 11:00 a.m. Denver time.

2. Defendant objects to this area of inquiry on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. The "work history and disciplinary history" of the pilots are irrelevant to the facts and claims of the case. Additionally, the names and employment rank of each person involved in the collection of data related to tests is also irrelevant to the facts and claims of this case. Defendant further objects to

the extent it seeks information protected by the attorney-client privilege and invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3). Subject to the forgoing objections, Defendant will testify as to why the scheduled departure of Frontier flight 544 on December 25, 2017 was delayed.

3. Defendant objects to this area of inquiry on the grounds that Frontier's pilot rules for rest and delay of scheduled departure are neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this area of inquiry as it seeks a legal conclusion in identifying applicable legal requirements. Defendant will testify as to why the scheduled departure of Frontier flight 544 on December 25, 2017 was delayed.

4. Defendant objects to this area of inquiry on the grounds that it is vague and ambiguous as to "Details." Defendant further objects to this area of inquiry on the grounds that a response would improperly require the adoption of an assumption of the facts as stated by Plaintiff in this area of inquiry, specifically Plaintiffs' allegations of the co-pilot's conduct. Defendant objects to this area of inquiry on the grounds that it seeks information protected by the attorney-client privilege, and invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3). Defendant further objects to this area of inquiry as not a suitable topic for a corporate witness. Subject to the forgoing objections, Defendant will not provide a witness on this area of inquiry.

5. Defendant objects to this area of inquiry on the grounds that it is overly broad, unduly burdensome, and the information sought is neither relevant to any issue in this litigation,

nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs' request for the contractual relationship between Frontier and *any other* person, firm, or entity providing staffing at any "Frontier gates" is overbroad and irrelevant. Defendant further objects to the responding to the term "Cabin Staff" as it contemplates individuals and knowledge outside Frontier's custody and control. Frontier is only obligated to appoint individuals to "testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). Defendant further objects to this area of inquiry on the grounds that it seeks information protected by the attorney-client privilege, and invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3). Subject to the forgoing objections, Defendant will not provide a witness on this area of inquiry.

6. Defendant objects to this area of inquiry on the grounds that a response would improperly require the adoption of an assumption of the facts as stated by Plaintiff in this area of inquiry, specifically Plaintiffs' allegations regarding the Cabin Staff. Defendant further objects to this area of inquiry on the grounds that it is vague and ambiguous as to "chain of command" and "operating procedures and guidelines." Defendant further objects to the responding to the term "Cabin Staff" as it contemplates individuals and knowledge outside Frontier's custody and control. Frontier is only obligated to appoint individuals to "testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). Defendant further objects to this area of inquiry on the grounds that it seeks information protected by the attorney-client privilege, and invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P.

26(b)(3). Subject to the forgoing objections, Defendant will testify as to why Plaintiff Smithers was removed from Frontier flight 544 on December 25, 2017.

7. Defendant objects to this area of inquiry on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs' request the "names and circumstances" of individuals who "for any reason" did not remain on the aircraft is overly broad because it contemplates any individual who may have left the airplane for any possible reason not related to the removal of Plaintiff Smithers. Such information is not relevant and the area is overly broad, constituting an undue burden. Defendant further objects because the Request calls for the production of confidential passenger information, and 14 C.F.R. § 243 protects the disclosure of such private passenger information. Courts ordering such production do so under a protective order limiting the use of private information to counsel for the purposes of litigation, limits disclosure to the specific passenger information relevant to the facts of the case, and limits disclosure to use by counsel, staff, and the Court through "Attorney's Eyes Only" production. In this case, Defendant has attempted to discuss entry of a protective order with Plaintiff on multiple occasions, but Plaintiff continues to insist a protective order is not necessary in this case. Subject to the forgoing objections, once a sufficient protective order is in place, Defendant will testify as to the identities of any individuals who left Frontier aircraft 910 before takeoff from the Denver Airport on December 25, 2017, in connection with the removal of Plaintiff Smithers.

8. Defendant objects to this area of inquiry on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. The "work

5

history and disciplinary history" of the Cabin Staff are irrelevant to the facts and claims of the case. Defendant further objects to this area of inquiry on the ground that a response would improperly require the adoption of an assumption that the events took place as alleged by Plaintiffs in this area of inquiry and that the "individuals" who allegedly removed Ms. Smithers or were aboard the Aircraft were "individuals from Frontier." Defendant further objects to the responding to the term "Cabin Staff" as it contemplates individuals and knowledge outside Frontier's outside Frontier's custody and control. Frontier is only obligated to appoint individuals to "testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). Subject to the forgoing objections, Defendant will testify only as to names of the individuals who removed Plaintiff Smithers from Frontier flight 544 on December 25, 2017.

9. Defendant objects to this area of inquiry on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. The "work history and disciplinary history" of "the individual who decided Mrs. Smithers must be removed" are irrelevant to the facts and claims of the case. Defendant further objects to this area of inquiry on the grounds that a response would improperly require the adoption of an assumption of the facts as stated by Plaintiff in this area of inquiry, specifically that one individual decided to remove Ms. Smithers. Defendant further objects to this area of inquiry on the grounds that it is vague and ambiguous as to "related circumstances." Subject to the forgoing objections, Defendant will testify as to names of the individual or individuals who decided to remove Plaintiff Smithers from Frontier flight 544 on December 25, 2017.

10. Defendant objects to this area of inquiry on the grounds that it is vague and ambiguous in its entirety, fails to describe with reasonable particularity the information it seeks, and would improperly require the adoption of an assumption of the facts as stated by Plaintiff. Plaintiff is the master of its Complaint and allegations, and Defendant cannot respond to this area, or determine the basis, of inquiry based on the bare information of "the individual who allegedly defamed Mrs. Smithers as described in the Complaint." Defendant further objects to this area of inquiry on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. The "work history and disciplinary history" of the individual who allegedly defamed Mrs. Smithers are irrelevant to the facts and claims of the case. Defendant further objects to this inquiry as it contemplates individuals and knowledge outside Frontier's custody and control. Frontier is only obligated to appoint individuals to "testify about information known or reasonably available to the organization." Subject to the forgoing objections, Defendant will not provide a witness on this area of inquiry.

11. Defendant objects to this area of inquiry on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. The "work history and disciplinary history" of the individual who allegedly prevented Mrs. Smithers from returning to her son his nebulizer are irrelevant to the facts and claims of the case. Defendant further objects to this area of inquiry on the grounds that a response would improperly require the adoption of an assumption of the facts as stated by Plaintiff in this area of inquiry, specifically that any individual prevented Mrs. Smithers from returning to her son his nebulizer. Defendant objects to "the basis therefor" for the same reasons. Defendant further objects to this

inquiry as it contemplates individuals and knowledge outside Frontier's custody and control. Frontier is only obligated to appoint individuals to "testify about information known or reasonably available to the organization." Subject to the forgoing objections, Defendant will not provide a witness on this area of inquiry.

12. Defendant objects to this area of inquiry on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. The "work history and disciplinary history" of the individuals who requested police assistance are irrelevant to the facts and claims of the case. Defendant further objects to the responding to the term "Cabin Staff" as it contemplates individuals and knowledge outside Frontier's custody and control. Frontier is only obligated to appoint individuals to "testify about information known or reasonably available to the organization." Subject to the forgoing objections, Defendant will not provide a witness on this area of inquiry.

13. Defendant objects to this area of inquiry on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. The "work history and disciplinary history" of individuals from Frontier acting as Flight Attendants are irrelevant to the facts and claims of the case. Subject to the forgoing objections, Defendant will testify as to identity of the Flight Attendants who worked on Frontier flight 544 on the morning of December 25, 2017.

14. Defendant objects to responding to the term "Cabin Staff" as it contemplates individuals and knowledge outside Frontier's custody and control. Defendant further objects to this area of inquiry on the grounds that it is overly broad, unduly burdensome, and the

information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and would improperly require the adoption of an assumption that any employee or officer of Frontier removed Mrs. Smithers or denied Mrs. Smithers the transfer of the nebulizer to her son. Defendant further objects that the area of inquiry seeks information protected by the attorney-client privilege, and invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3). Subject to the forgoing objections, Defendant is unclear what this area of inquiry is seeking, and invites Plaintiffs to meet and confer regarding this area of inquiry.

15. Defendant objects to this area of inquiry on the grounds that it is harassing, overly broad, unduly burdensome, and the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, and would further require the adoption of an assumption that the facts are exactly as stated by Plaintiffs. Any alleged "missed approach" of the Aircraft at "destination," as well as any reasons for such "missed approach," is irrelevant to the facts and claims in this case. An alleged "missed approach" in Washington D.C. is entirely irrelevant to the facts plaintiffs allege occurred in Denver, Colorado. Defendant further objects on the grounds that the area of inquiry seeks information protected by the attorney-client privilege, and invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3). Subject to the forgoing objections, Defendant will not provide a witness on this area of inquiry.

16. Defendant objects to the extent it seeks information protected by the attorney-client privilege and invades protected litigation work product and would require disclosure of

9

core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3). Defendant further objects to this area of inquiry to the extent it seeks Defendant to provide information beyond what is contemplated by Fed. R. Civ. P. 30(b)(6). Subject to the forgoing objections, this is not a proper area of inquiry for Defendant to designate a witness, and Defendant will not provide a witness on this area of inquiry.

17. Defendant objects to the extent it seeks information protected by the attorney-client privilege and invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3). Subject to the forgoing objections, this is not a proper area of inquiry for Defendant to designate a witness, and Defendant will not provide a witness on this area of inquiry.

18. Defendant objects to this area of inquiry on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Such a request is beyond the requirements of Fed. R. Civ. P. 26(a)(1)(A)(iv) and is irrelevant because while Plaintiffs are entitled to discover Frontier's insurance coverage, Plaintiffs are not entitled to discover any security paid for such insurance. Finally, Defendant objects to this Interrogatory to as it seeks a legal conclusion in identifying insurance coverage that "may…address and respond to the claims of the Plaintiffs against Frontier." Subject to the forgoing objections, Defendant will not provide a witness on this area of inquiry.

March 4, 2019

*[signature: David E. Murphy]*

Elaine Charlson Bredehoft, VSB No. 23766
Adam S. Nadelhaft, VSB 91717
David E. Murphy, VSB 90938
Charlson Bredehoft Cohen & Brown, P.C.
11260 Roger Bacon Drive, Suite 201
Reston, VA 20190
(703) 318-6800 Telephone
(703) 318-6808 Facsimile
ebredehoft@cbcblaw.com
anadelhaft@cbcblaw.com
dmurphy@cbcblaw.com

Stephen J. Fearon (Admitted *Pro Hac Vice*)
Bartholomew J. Banino (Admitted *Pro Hac Vice*)
Allison M. Surcouf (Admitted *Pro Hac Vice*)
Condon & Forsyth LLP
7 Times Square
New York, NY 10036
(212) 490-9100 Telephone
(212) 370-4453 Facsimile
SFearon@condonlaw.com
bbanino@condonlaw.com
asurcouf@condonlaw.com

*Counsel for Defendant
Frontier Airlines, Inc.*

11

## CERTIFICATE OF SERVICE

I hereby certify on the 4th day of March 2019, the foregoing Defendant Frontier Airlines, Inc.'s Objections To Plaintiffs First Notice of 30(b)(6) Deposition was served by email and by first class mail, postage pre-paid, on counsel for Plaintiffs addressed as follows:

> Thatcher A. Stone, Esq.
> William T. Woodrow, III, Esq.
> Stone & Woodrow LLP
> 250 West Main Street, Suite 201
> Lewis & Clark Plaza
> Charlottesville, Virginia 22902
> Phone: (301) 928-7665
> thatcher@stoneandwoodrowlaw.com
> will@stoneandwoodrowlaw.com
> *Counsel for Plaintiffs*

_____
David E. Murphy