# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| ANNE SMITHERS, *et al.* | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )   C.A. No. 1:18cv676 (TSE/IDD)<br>) |
| FRONTIER AIRLINES, INC. | )<br>) |
| Defendant. | )<br>) |

## DEFENDANT FRONTIER AIRLINES, INC.'S OBJECTIONS
## TO PLAINTIFF'S REVISED NOTICE OF 30(B)(6) DEPOSITION

Defendant Frontier Airlines, Inc. ("Frontier" or "Defendant"), pursuant to Fed. R. Civ. P. 30, hereby objects to Plaintiff's Revised Notice of 30(b)(6) Deposition as follows:

### OBJECTIONS TO INSTRUCTIONS

1. Defendant objects to Plaintiff's instruction (A) "to designate to Plaintiff's counsel one or more representatives to address one, some or all of the following areas of inquiry as a witness, by inquiry number" as overbroad and unduly burdensome because it would require compliance beyond the parameters of Fed. R. Civ. P. 30(b)(6) which does not require these actions as it is permissive. Fed. R. Civ. P. 30(b)(6) ("The named organization…*may* set out the matters on which each person designated will testify.") (emphasis added).

2. Defendant objects to Plaintiffs' instruction (B) that requires a corporate designee to "make admissions on behalf of the Defendant," as beyond the parameters of Fed. R. Civ. P. 30(b)(6), which only requires the designation of individuals "to testify on its [the entity's] behalf."

3.  Defendant objects to Plaintiffs' instruction (C) to "identify [the individuals] in writing and numerical area of response to Plaintiffs' counsel one week in advance of the deposition" as overbroad and unduly burdensome because it would require compliance beyond the parameters of Fed. R. Civ. P. 30(b)(6) which does not require this action as it is permissive. Fed. R. Civ. P. 30(b)(6) ("The named organization…*may* set out the matters on which each person designated will testify.") (emphasis added).

4.  Defendant objects to the instruction that "If Frontier fails to produce a representative responsive to an area of inquiry, it must designate another" as overbroad and unduly burdensome because it would require compliance beyond the parameters of the Rules which permit objections to areas of inquiry.

## AREAS OF INQUIRY

1.  Defendant objects to this area of inquiry on the grounds that Frontier's pilot rules for rest and alcohol consumption prior to flight are neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence

2.  Defendant objects to this area of inquiry on the grounds that it is overly broad, unduly burdensome and unlikely to lead to discovery of admissible evidence because Defendant has produced the contractual agreement to Plaintiffs and Plaintiffs may rely on that document in response to this area of inquiry. Defendant further objects to this area of inquiry on the grounds that it seeks information protected by the attorney-client privilege, and invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3). Subject to the forgoing objections, the Standard Ground Handling Agreement and the Simplified Procedure have already been produced in discovery, Menzies is no longer a Defendant in this case, and the Standard

2

Ground Handling Agreement and the Simplified Procedure contains all information regarding the contractual arrangement between Frontier and Menzies. This is not an appropriate subject for a corporate designee.

    3.    Defendant objects to this area of inquiry on the grounds that a response would improperly require the adoption of an assumption of the facts as stated by Plaintiff in this area of inquiry. Defendant further objects to this area of inquiry on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and fails to define with particularity the information it seeks as to "chain of command" and "operating procedures and guidelines." Frontier is only obligated to appoint individuals to "testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). Defendant further objects to this area of inquiry on the grounds that it seeks information protected by the attorney-client privilege, and invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

    4.    Defendant objects to this area of inquiry on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs' request the "names and circumstances" of individuals who "for any reason" did not remain on the aircraft is overly broad because it contemplates any individual who may have left the airplane for any possible reason not related to the removal of Plaintiff Smithers. Such information is not relevant and the area is overly broad, constituting an undue burden. Additionally, it is unclear whether there was more than one Frontier flights Denver to Washington D.C. on December 25, 2017. Defendant further objects because the area of inquiry calls for the production of confidential passenger information, and 14 C.F.R. § 243 protects the disclosure of such private

3

passenger information. Courts ordering such production do so under a protective order limiting the use of private information to counsel for the purposes of litigation, limits disclosure to the specific passenger information relevant to the facts of the case, and limits disclosure to use by counsel, staff, and the Court through "Attorney's Eyes Only" production.

5.  Defendant objects to this area of inquiry on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. The area of inquiry's reference to "disciplinary action" is not defined or stated with particularity, nor is any "disciplinary action," if any, relevant to the claims and defenses in this case. Defendant further objects because the area of inquiry calls for the production of confidential passenger information, and 14 C.F.R. § 243 protects the disclosure of such private passenger information. Courts ordering such production do so under a protective order limiting the use of private information to counsel for the purposes of litigation, limits disclosure to the specific passenger information relevant to the facts of the case, and limits disclosure to use by counsel, staff, and the Court through "Attorney's Eyes Only" production. Defendant further objects to this area of inquiry on the grounds that it seeks information protected by the attorney-client privilege, and invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3).

6.  Defendant objects to this area of inquiry on the grounds that the phrases "the details" and "from any source" are overly broad, unduly burdensome, vague and ambiguous, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects because the

4

area of inquiry calls for the production of confidential passenger information, and 14 C.F.R. § 243 protects the disclosure of such private passenger information. Courts ordering such production do so under a protective order limiting the use of private information to counsel for the purposes of litigation, limits disclosure to the specific passenger information relevant to the facts of the case, and limits disclosure to use by counsel, staff, and the Court through "Attorney's Eyes Only" production.

7. Defendant objects to this area of inquiry on the grounds that it is overly broad, unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. As to reporting requirements "external to a governmental agency," such information is publicly available and/or equally accessible to Plaintiffs. Defendant further objects to the word "customary" and "informal" as vague and ambiguous and failing to define with particularity the information it seeks. Defendant further objects to this area of inquiry to the extent it seeks information protected by the attorney-client privilege and invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3). Defendant further objects that this area of inquiry seeks a legal conclusion in identifying applicable legal requirements. Defendant further objects to the term "ejected" as it implies a physical removal from the plane with force and would require adoption of that description.

8. Defendant objects to this area of inquiry on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and that the information sought is neither relevant to any issue in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. The area of inquiry further fails to identify with particularity the

information it seeks and poses an improper and ambiguous hypothetical regarding unspecified "training," "ground handling agents," and any "passenger in similar circumstances." Defendant further objects to the term "agents" as the individuals described in the area of inquiry are not agents of Frontier, and because this area of inquiry contemplates individuals and knowledge outside Frontier's custody and control. Defendant cannot provide a witness to testify on such a non-specific, ambiguous, and hypothetical area of inquiry and it is not a proper request for a corporate designee deposition.

9. Defendant objects that this area of inquiry is vague and ambiguous and does not make sense as Plaintiff Smithers was not an employee and was not accused of being intoxicated to our knowledge. Defendant further objects to this area of inquiry as it seeks a legal conclusion in identifying applicable legal requirements and because a response would improperly require the adoption of an assumption of the facts as stated by Plaintiff in this area of inquiry. Defendant further objects to this area of inquiry on the grounds that it seeks information protected by the attorney-client privilege, and invades protected litigation work product and would require disclosure of core opinion work product and mental impression of counsel, which is prohibited by Fed. R. Civ. P. 26(b)(3). Defendant further objects to the responding to the term "Menzies women" as it contemplates individuals and knowledge outside Frontier's custody and control. Without waiving these objections, Defendant will testify as to its knowledge of Section 50.55 of the Station Administration Manual.

April 16, 2019

                     *[signature]*
                     Elaine Charlson Bredehoft, VSB No. 23766
                     Adam S. Nadelhaft, VSB 91717
                     David E. Murphy, VSB 90938
                     Charlson Bredehoft Cohen & Brown, P.C.
                     11260 Roger Bacon Drive, Suite 201
                     Reston, VA 20190
                     (703) 318-6800 Telephone
                     (703) 318-6808 Facsimile
                     ebredehoft@cbcblaw.com
                     anadelhaft@cbcblaw.com
                     dmurphy@cbcblaw.com

                     Stephen J. Fearon (Admitted *Pro Hac Vice*)
                     Bartholomew J. Banino (Admitted *Pro Hac Vice*)
                     Allison M. Surcouf (Admitted *Pro Hac Vice*)
                     Condon & Forsyth LLP
                     7 Times Square
                     New York, NY 10036
                     (212) 490-9100 Telephone
                     (212) 370-4453 Facsimile
                     SFearon@condonlaw.com
                     bbanino@condonlaw.com
                     asurcouf@condonlaw.com

                     *Counsel for Defendant*
                     *Frontier Airlines, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify on the 16th day of April 2019, the foregoing Defendant Frontier Airlines, Inc.'s Objections to Plaintiffs Revised First Notice of 30(b)(6) Deposition was served by email and by first class mail, postage pre-paid, on counsel for Plaintiffs addressed as follows:

Thatcher A. Stone, Esq.
William T. Woodrow, III, Esq.
Stone & Woodrow LLP
250 West Main Street, Suite 201
Lewis & Clark Plaza
Charlottesville, Virginia 22902
Phone: (301) 928-7665
thatcher@stoneandwoodrowlaw.com
will@stoneandwoodrowlaw.com
*Counsel for Plaintiffs*

Elaine Charlson Bredehoft