IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| ANNE SMITHERS, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No. 1:18cv676 (TSE/IDD) |
| ) | |
| FRONTIER AIRLINES, INC. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT FRONTIER AIRLINES, INC.'S OPPOSITION
TO PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S
OBJECTIONS TO PLAINTIFF'S 30(b)(6) NOTICE**

Defendant Frontier Airlines, Inc. ("Frontier" or "Defendant") hereby opposes the Motion to Strike Defendant's Objections to Plaintiffs' 30(b)(6) Notice, to Affirm That the Noticed Testimony Given is Binding, and for the Costs of this Motion ("Motion to Strike") of Plaintiffs Anne Smithers ("Ms. Smithers" or "Plaintiff Smithers") and Henry Wiley ("Mr. Wiley" or "Plaintiff Wiley") as follows:

**SUMMARY OF ARGUMENT**

Plaintiffs' Motion to Strike [Dkt. 76] Frontier's objections to Plaintiff's Revised 30(b)(6) Notice wastes the parties' and this Court's time and resources. Plaintiffs cite to a few pages from the corporate designee's deposition transcript, but those pages do not identify a single question that Frontier's corporate designee failed to answer. In fact, Plaintiffs do not – and cannot – point to one question that was not answered, because Frontier's corporate designee sat from 9:30 a.m. to past 3:00 p.m. on April 17, 2019, answering all of Plaintiffs' counsel's questions. Therefore, Plaintiffs have received all of the discovery that they asked for in the 30(b)(6)

Deposition, and Plaintiffs' Motion to Strike seeks nothing more. The Motion should be denied on these grounds alone.

Nor can Plaintiffs argue that Frontier's corporate designee was not prepared. Plaintiffs cite to case law that states it is a violation of Rule 30(b)(6) when a corporate designee is unknowledgeable of relevant facts, or when the Defendant fails to designate a witness. [Dkt. 77.] But nothing like that happened here. Frontier's corporate designee appeared for his deposition, and answered all of Plaintiffs' questions. Despite citing this law, Plaintiffs do not claim that Frontier's corporate designee was ill prepared or failed to answer their questions. Again, Plaintiffs' Motion is simply a waste of time and resources.

Plaintiffs also argue that Frontier cannot assert that portions of its corporate designee's testimony were in his personal capacity, rather than testimony on behalf of Frontier. This has nothing to do with Frontier's objections to Plaintiffs' 30(b)(6) topics, but instead many of Plaintiffs' counsel's questions at the deposition, which sought testimony that could only be in the corporate designee's personal capacity. For example, Plaintiffs' counsel asked the corporate designee about the individual training he received, which Plaintiff's own counsel admitted "I agree, we are asking him individual questions." **Att. 1 (Christenson Tr. at 36:7-8.)** In another example, Plaintiffs' counsel asked the corporate designee "***did it ever cross your mind*** when you saw the e-mails from Ms. Smithers months after the fact that there may have been a confusion with the copilot and the pilot?" ***Id*. at 87:8-11** (emphasis added.) Obviously, Frontier cannot be testifying to what went through an individual's mind. Frontier allowed the corporate designee to answer these types of questions, but simply clarified that "when you're asking these questions you're asking them to him in his personal capacity." ***Id*. at 88:7-9.** This is entirely proper.

2

It is also proper for a party to serve objections to a 30(b)(6) Notice in this Court. Local Rule 26(C) states that a party may object to any discovery "under Fed. R. Civ. P. 26 through 37." A Rule 30(b)(6) Notice clearly falls in this category of discovery. No case law in the Eastern District of Virginia says otherwise. And in fact, in the one case cited by Plaintiffs from this Court, the Court specifically acknowledged that a party can serve objections to a 30(b)(6) notice. *See Gray v. HSBC Bank USA, N.A.*, 2015 WL 5970444, at *2 (E.D. Va. Oct. 9, 2015) (Morgan, J.) Here, Frontier timely filed objections to Plaintiffs' 30(b)(6) Notice. *See* Dkts. 77-3, 77-4, and 77-5. Then when Plaintiffs did not withdraw their 30(b)(6) notice, but rather served a "Revised" Notice of 30(b)(6) Deposition (*see* Dkts. 77-6, and 77-7), Frontier served further objections. *See* Dkts. 77-8 and 77-9. As Frontier agreed to put forward its corporate designee to testify, no motion for protective order was necessary. And again, the corporate designee answered all of Plaintiffs' counsel's questions.

## ARGUMENT

### I. Serving Objections are the Proper Way to Respond to a 30(b)(6) Notice.

Plaintiffs argue that the only way to limit a 30(b)(6) Notice is to file a protective order with the Court. *See* Dkt. 77 at 2-4. The Federal Rules do not require a party to file a protective order to limit a 30(b)(6) Notice, nor do the Local Rules of this Court. In fact, Local Rule 26(C) states that parties should serve objections to a Rule 30(b)(6) Notice: "Unless otherwise ordered by the Court, an objection to any interrogatory, request, or application under Fed. R. Civ. P. 26 through 37, shall be served within fifteen (15) days after the service of the interrogatories, request, or application." That is precisely what Frontier did. Since it was producing a witness for the 30(b)(6) deposition, Frontier did not waste the parties' or this Court's time and resources with a protective order. Rather, Frontier timely filed objections to Plaintiffs' 30(b)(6) Notice.

*See* Dkts. 77-3, 77-4, and 77-5.  Then when Plaintiffs did not withdraw their 30(b)(6) notice, but rather served a "Revised" Notice of 30(b)(6) Deposition (see Dkts. 77-6, and 77-7), Frontier served further objections.  See Dkts. 77-8 and 77-9.

This is precisely the procedure to follow.  Magistrate Judge Leonard's decision in *Flame S.A. v. Indus. Carriers,* 2014 U.S. Dist. LEXIS 190378 (E.D. Va. Apr. 30, 2014) (Leonard, M.J.) is instructive.  There, the Defendant did not file a protective order, and has "not objected to producing a Federal Rule of Civil Procedure 30(b)(6) witness." *Id*. at *13-*14.  Rather, just like Frontier, the Defendant "objected, … to the proposed scope of the 30(b)(6) deposition." *Id*.  The Court did not state that a party could not serve objections to a 30(b)(6) Notice, but rather ordered that the "parties are directed to meet and confer to resolve the scope of the 30(b)(6) deposition." *Id*.

Here, like in *Flame*, Frontier served objections to Plaintiffs' 30(b)(6) Notice.  Plaintiffs' counsel, however, refused to engage with Frontier, and instead insisted that the objections were not proper and were not operable.  That is simply not true under the Local Rules and case law of this Court.  Frontier's objections were properly served.

**II.     Plaintiffs Have Received All Testimony They Sought Under Their 30(b)(6) Notice.**

As discussed above, Frontier's objections to Plaintiffs' 30(b)(6) Notice were proper.  Further, the objections did not limit Plaintiffs' questions or Frontier's corporate designee's responses to Plaintiffs' counsel's questions.  Plaintiffs cannot point to one question that Frontier did not answer.  Thus, Plaintiffs received all the discovery they requested pursuant to their 30(b)(6) Notice, and Plaintiffs' Motion to Strike is nothing but a waste of time.

4

In addition, it was not Frontier's objections that caused some of Frontier's corporate designee's answer to be in his personal capacity rather than a corporate representative, but Plaintiffs' counsel's questions. Responses to questions about the corporate designee's background are responses in the corporate designee's individual capacity and not the corporation's responses. Frontier allowed those questions to be answered, and the parties agreed that Plaintiffs' counsel was "asking him individual questions." **Att. 1 (Christenson Tr. at 36:7-8.** As to questions about what went through the corporate designees' mind (*see e.g.*, *id.* **at 87:8-11**), those were also questions Frontier allowed the corporate designee to answer, but only in his individual capacity. That is because "[t]he testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of the corporation, not of the individual deponents." *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996). Questions that ask the corporate designee "did it ever cross your mind" are clearly questions of the individual's knowledge, and not that of Frontier. Frontier's actions during the 30(b)(6) deposition were proper.

## CONCLUSION

For the reasons stated above, Frontier respectfully requests the Court deny Plaintiffs' Motion to Strike in its entirety, and award Frontier its attorneys' fees and costs for opposing this Motion.

May 6, 2019

          */s/ ADAM S. NADELHAFT*_____
Elaine Charlson Bredehoft, VSB No. 23766
Adam S. Nadelhaft, VSB 91717
David E. Murphy, VSB 90938
Charlson Bredehoft Cohen & Brown, P.C.
11260 Roger Bacon Drive, Suite 201
Reston, VA 20190
(703) 318-6800  Telephone
(703) 318-6808  Facsimile
ebredehoft@cbcblaw.com
anadelhaft@cbcblaw.com
dmurphy@cbcblaw.com

Stephen J. Fearon (Admitted *Pro Hac Vice*)
Bartholomew J. Banino (Admitted *Pro Hac Vice*)
Allison M. Surcouf (Admitted *Pro Hac Vice*)
Condon & Forsyth LLP
7 Times Square
New York, NY 10036
(212) 490-9100  Telephone
(212) 370-4453  Facsimile
SFearon@condonlaw.com
bbanino@condonlaw.com
asurcouf@condonlaw.com

*Counsel for Defendant*, *Frontier Airlines, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of May, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

>Thatcher A. Stone, Esq.
>William T. Woodrow, III, Esq.
>Stone & Woodrow LLP
>250 West Main Street, Suite 201
>Lewis & Clark Plaza
>Charlottesville, Virginia 22902
>Phone: (301) 928-7665
>thatcher@stoneandwoodrowlaw.com
>will@stoneandwoodrowlaw.com
>*Counsel for Plaintiffs*

>*/s/ ADAM S. NADELHAFT*
>Elaine Charlson Bredehoft, VSB No. 23766
>Adam S. Nadelhaft, VSB 91717
>David E. Murphy, VSB 90938
>Charlson Bredehoft Cohen & Brown, P.C.
>11260 Roger Bacon Drive, Suite 201
>Reston, VA 20190
>(703) 318-6800  Telephone
>(703) 318-6808  Facsimile
>ebredehoft@cbclaw.com
>anadelhaft@cbclaw.com
>dmurphy@cbclaw.com