# EXHIBIT F

# *SMITHERS*

# *VS.*

# *FRONTIER AIRLINES INC*

### Deposition

### SHAWN P. CHRISTENSEN

*04/17/2019*

_____

## *AB Court Reporting & Video*
*216 16th Street, Suite 600*
*Denver Colorado, 80202*
*303-296-0017*

```
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Civ. Action No. 1:18cv676 (TSE/IDD)

-----------------------------------------------------------

30(b)(6) DEPOSITION OF FRONTIER AIRLINES, INC., as
given by SHAWN P. CHRISTENSEN
April 17, 2019

-----------------------------------------------------------

ANNE SMITHERS, et al.,

Plaintiffs,

vs.

FRONTIER AIRLINES INC.,

Defendant.

-----------------------------------------------------------
```

```
 1     APPEARANCES:

 2         STONE & WOODROW LLP
               By Thatcher Stone, Esq.
 3                William T. Woodrow, III, Esq. (via
                  videoconference)
 4                Suite 201, Louis & Clark Plaza
                  250 West Main Street
 5                Charlottesville, Virginia 22902
                    Appearing on behalf of Plaintiffs.
 6
           CHARLSON BREDEHOFT COHEN & BROWN, P.C.
 7             By Elaine Charlson Bredehoft, Esq.
                  11260 Roger Bacon Drive, Suite 201
 8                Reston, Virginia 20190
                    Appearing telephonically on behalf of
 9                Defendant.

10         CONDON & FORSYTH LLP
               By Bartholomew J. Banino, Esq.
11                7 Times Square
                  New York, New York 10036
12                  Appearing on behalf of Defendant.

13         Also present:  Anne Smithers, via
                          videoconference
14

15

16

17

18

19

20

21

22

23

24

25
```

*** CONFIDENTIAL ***

1  MR. BANINO: Thatcher, are we do not with
2  this document?
3  MR. STONE: No, we're not done with that
4  document.
5  Q  (By Mr. Stone) Is there any reporting
6  that was done?
7  A  With regards to the incident?
8  Q  Yeah. Take a look at No. 7, and, Any
9  formal or informal reporting requirements, internal
10 to Frontier or external to DOT or FAA, either
11 customary or required when a passenger's removed
12 from a flight due to safety.
13 MR. BANINO: Thatcher, again, going to
14 object to this line of question.
15 MR. STONE: I understand you're objecting.
16 MR. BANINO: So he's answering in his
17 personal capacity.
18 MR. STONE: No, that's your allegation.
19 We will wait for the judge to decide.
20 A  We receive reports from the station
21 personnel, and on behalf of the pilot it is an
22 informal, not a formal requirement.
23 If it was an intoxication of the passenger
24 removal, that would be a formal requirement under
25 the flight operations manual. So in this case, this